THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* PERCY C. REED et al., Respondents.

6

Argued October 20, 1937; decided November 23, 1937.

*Martin W. Littleton, District Attorney (Philip Huntington* of counsel), for appellant. The People have the right to appeal to the Court of Appeals. (*People* v. *Kevlon,* 247 N. Y. 192; *People* v. *Wolf,* 247 N. Y. 189; *People* v. *Zerillo,* 200 N. Y. 443; *People* v. *Wilson,* 151 N. Y. 403; *People* v. *Drayton,* 168 N. Y. 10; *People* v. *Ryan,* 274 N. Y. 149.) The People have the right to appeal from the dismissal of the indictment. (*People ex rel. Stabile*

v. *Warden,* 202 N. Y. 138; *People* v. *Ledwon,* 153 N. Y. 10; *State* v. *Lee,* 65 Conn. 265; *People* v. *Merrill,* 156 Misc. Rep. 637; *People* v. *Smith,* 172 N. Y. 210.)

*George Morton Levy* and *Charles R. Weeks* for respondents. The People have no right to appeal to the Court of Appeals. (*People* v. *Zerillo,* 200 N. Y. 443; *Webster* v. *Fall,* 266 U. S. 507.) The Appellate Division properly dismissed the appeal from the order of the County Court dismissing the indictment herein. (*People* v. *Barber,* 348 Ill. 40; *United States* v. *Weissman,* 266 U. S. 377; *People* v. *Dundon,* 113 App. Div. 369; *People* v. *Herbert,* 152 App. Div. 579; *People ex rel. Newton* v. *Special Term,* 193 App. Div. 463; *People* v. *Grout,* 166 App. Div. 220; *People* v. *Merrill,* 156 Misc. Rep. 637; *People ex rel. Stabile* v. *Warden,* 202 N. Y. 138; *People ex rel. Meyer* v. *Warden,* 269 N. Y. 426; *People* v. *Ledwon,* 153 N. Y. 10.)

CRANE, Ch. J. The defendants were indicted for violating the gambling laws. Counts numbered one, two, three and six allege the violation of section 986 of the Penal Law. Count number four alleges violation of section 973; and count number five alleges violation of section 970 of the Penal Law. Section 986 of the Penal Law makes it a misdemeanor for a person: (1) to engage in pool selling or book-making at any time or place; (2) to keep or occupy any place upon public or private grounds with books and papers for the purpose of recording or registering bets or wagers upon the result of any trial or contest of skill of man or beast; (3) to receive or register in any manner whatsoever any money, bet or wagers by or for any other person or to sell pools upon any such result; (4) who, being the owner or occupant of any building or grounds, knowingly permits the same to be used or occupied for any of these purposes, or therein keeps or exhibits any device or apparatus for the purpose of recording bets upon any such result as above stated. This section says that such a person is guilty

of a misdemeanor: "except when another penalty is provided by law, and upon conviction is punishable by imprisonment in a penitentiary or county jail for a period of not more than one year." Section 973 of the Penal Law makes it a misdemeanor for any corporation or individual to keep a room for gambling or for making wagers or bets depending upon lot or chance. Section 970 says that one is guilty of a misdemeanor who is the owner of a place or device or apparatus for gambling, or who allows the room or apparatus to be used for gambling, or engages as game-keeper or dealer in such a game where money or property is dependent upon the result. These latter two counts were said to be inconsistent with the others.

The trial judge seized upon these words: "except when another penalty is provided by law," and discharged these defendants, dismissing the indictment because, he said, sections 990 and 994 of the Penal Law provided another remedy. There is grave doubt about the correctness of this ruling. Section 990 says that a person who wins or loses at play the sum of twenty-five dollars or upwards within the space of twenty-four hours is punishable by a fine of not less than five times the value of the sum or loss to be recovered in a civil action; and section 994 provides that any person who shall pay or deliver any money upon the event of any wager, may sue for and recover the same of the winner or person to whom the same shall be paid, and of the stakeholder or other person in whose hands it is deposited. Forceful argument can be made that these provisions of sections 990 and 994 of limited and special application have not the effect of wiping out completely all the provisions and crimes specified in 986.

The trial judge, in giving this construction to these sections, has really repealed and wiped out most of the laws against gambling found in the Penal Law, and he has done it in a way which has prevented the courts from reviewing his decision. The attorney for the defendants

was at least fair in making his motions to dismiss the indictment before testimony was taken so as to give, as he stated, the People a chance to appeal should the court rule against them. He said: " I am making that motion in some parts slightly prematurely, so that on questions of law, unless this court is inclined to rule with the People, the District Attorney will have an appealable point if he cares to appeal as to any part of the law."

The trial judge said at the end of the case: " The law should be settled fearlessly, courageously, once and for all time as to what the various sections of the gambling law of this State mean and what their implication may be." Again he said: " Therefore it appears to me that this case resolves itself almost solely into a question of law." The judge did not rule upon the motions made by the defendants' counsel to dismiss the indictment at the beginning of the case or at the end of the People's case, as he apparently was in grave doubt regarding the law. He did dismiss the indictment on the law at the end of the whole case, without submitting it to the jury. While the defendant under our criminal procedure is entitled to the benefit of every reasonable doubt on the facts, the People should be entitled to any reasonable doubt a trial judge may have upon the law for, if he makes a mistake on the law, the People have no opportunity or method of reviewing his ruling, as strange as it may seem to us in this enlightened day. The defendant, for a wrong ruling, may always appeal the case for review to a higher court; the People have no such privilege, except as hereinafter stated. The trial justices in criminal cases, therefore, should bear this in mind when ruling upon points of law.

The final disposition of this case was made by the trial judge in these words:

" As a matter of law Section 986 provides that this action be a misdemeanor, but it also has a proviso except where another penalty is prescribed by law. This exception was added at the same time as Section 17 of the

Racing Law and would seem to exempt these defendants from anything more than the penalties prescribed by Sections 990 and 994 of the Penal Law. * * *

" I am granting this motion to dismiss the indictment against these defendants upon the grounds that these defendants for the acts charged in the indictment are not liable to prosecution under Section 986 as a criminal offense. I am not unmindful of the serious problem this matter has caused this county. These are my honest convictions based upon the law and the facts as they are presented in this matter. Doubtless power lies with the Legislature to amend and clarify these laws so that problems may not again arise."

The court apparently overlooked the powers of appellate courts under our system of law — both the Appellate Division and the Court of Appeals — to clarify any doubts about the law that may exist in the minds of trial judges. The appellate courts, unfortunately, by the granting of these motions, are barred from review by our anomalous procedure. The motion to dismiss the indictment as not stating a crime under section 986 of the Penal Law, in other words, on the ground that section 986 was meaningless, and that the Legislature had performed a futile act in passing it, presented simply a question of law in the nature of a demurrer to the indictment. The judge reserved decision. The same ruling was made at the end of the People's case, and, when finally the motion was decided in favor of the defendants in the language above stated, it is apparent, and for the purposes of this opinion we will assume that the judge, in dismissing the indictment, did so because it did not state a crime. Even though the judge was in error in these conclusions what can the appellate courts do about it? Apparently nothing, for reasons which we shall explain.

Appeal to the Appellate Division and to the Court of Appeals is entirely a matter of statute (*People* v. *Zerillo*, 200 N. Y. 443). There is no constitutional right to an appeal from a judgment of conviction or of an

acquittal or from any ruling of the trial judge. An appeal is a matter of legislative control. Review by the United States Supreme Court of a trial in a State court which deprived a defendant of the equal protection of the laws or of due process is not prevented by failure of the State Legislature to provide an appeal to higher State courts. Nevertheless, as we are dealing solely with a review by the Appellate Division or the Court of Appeals of this State, we must turn to sections 518 and 519 of the Code of Criminal Procedure to see wherein appeals by the People are allowed. Upon a judgment for the defendants on a demurrer to the indictment an appeal may be taken by the People to an appellate court, including the Court of Appeals. (Code Crim. Proc. §§ 518, 519.)

If the defendants had demurred to the indictment in the first place the ruling that the judge made in this case, to the effect that the indictment did not state a crime, could have been reviewed by the Appellate Division and then by the Court of Appeals. A demurrer must be in writing, signed either by the defendant or his counsel and filed. It must distinctly specify the grounds of objection to the indictment or it may be disregarded. (Code Crim. Proc. § 324.) When, therefore, in sections 518 and 519 we find that an appeal may be taken to the appellate courts, first to the Appellate Division and then to the Court of Appeals, from a judgment affirming or reversing a judgment for the defendant on a demurrer to the indictment, we must give to these words the meaning furnished by the Code of Criminal Procedure in the section referred to, section 324. There was no demurrer in this case, although the motion to dismiss the indictment in reality amounted to the same thing. Under section 331 of the Code of Criminal Procedure an objection that the indictment is insufficient may be taken at the trial under the plea of not guilty, or in arrest of judgment. So far as the language of our Code of Criminal Procedure is taken literally, a ruling of a trial judge

12

dismissing an indictment for insufficiency is not the same as sustaining a demurrer thereto. Our procedure presents this remarkable situation: If a judge dismisses the indictment on motion, before a jury is called, there is no way to review his determination unless we stretch a point and say that such a motion amounts to a demurrer and is in writing when the clerk enters the motion in his minutes. Courts should not be forced to this artificial interpretation. Likewise, if the case be called and a jury impaneled, and before any testimony is taken the judge of his own motion or upon motion of the defendant dismisses the indictment for insufficiency, there is no possible way of reviewing his decision. We have even become so sensitive to the rights of defendants as to encourage the claim that such a motion made after the drawing of a jury might, if granted, give rise subsequently to a plea of former jeopardy. (*People ex rel. Stabile v. Warden,* 202 N. Y. 138; *People ex rel. Meyer v. Warden,* 269 N. Y. 426, 429. See Appeals by the State in Criminal Cases by Justin Miller, 36 Yale Law Journal, p. 486.) Why there should be any constitutional objection in permitting the State to appeal from an order dismissing the indictment upon motion of the defendant after a jury has been impaneled when there is no constitutional objection in arresting judgment on such a motion and permitting an appeal therefrom may not be apparent. However, the question is not presented in this case. An opinion from this court passing upon the law as it is — as we find it in the Code of Criminal Procedure — does not call for or justify any suggestions as to what in our opinion the law should be. Sufficient that the profession should know what the law is upon given facts and what the limitations now are upon the right of appeal by the People.

The order granting the motion, therefore, made at the end of the case dismissing the indictment as being insufficient for the reasons stated, even though error, bars and

forecloses the People from appealing to any of the appellate courts. The Appellate Division was, therefore, correct in dismissing the appeal.

Other provisions of sections 518 and 519 have no application to this case. Judgment may be arrested because the facts stated in the indictment do not constitute a crime. (Code Crim. Proc. §§ 331, 467; *People* v. *Wiechers*, 179 N. Y. 459, 462.) An appeal from an order of the court arresting judgment may now be taken by the People under section 518 and section 519. There was no judgment in this case and, therefore, no arrest of any judgment. Section 519 provides for an appeal to the Court of Appeals from a judgment affirming or reversing a judgment of conviction. There was no judgment of conviction.

The only remaining subdivison to be considered is subdivision 4 of section 518, which reads: " In all cases where an appeal may be taken by the defendant, except where a verdict or judgment of not guilty has been rendered," an appeal to an appellate court may be taken by the People. Chapter 337 of the Laws of 1927 added this subdivision which at the same time changed the wording of the introductory sentence so as to provide for an appeal " to an appellate court " instead of " to the appellate division of the supreme court."

Confining our analysis of this section to the facts here we may ask: What appeal could be taken by the defendant from a denial of the motion to dismiss the indictment made at the end of the case? He could take no independent appeal from the decision on such a motion; it could only be reviewed by an appeal from the judgment of conviction; if an acquittal he would not need an appeal. I construe these words " except where a verdict or judgment of not guilty has been rendered " to mean that in such cases the People have no right to appeal at all. It is difficult to understand what appeal may be taken by a defendant except from a judgment of conviction. (Code Crim. Proc. § 517.) As the section by

its terms merely gives the People the same sort of appeal enjoyed by a defendant we are unable to see that it gives anything, as the defendant can only appeal from a judgment of conviction. Whatever these words may mean, I am quite confident that they have no application to this case. In the absence of demurrer all rulings on motions come up with the judgment except those which are made after judgment, pursuant to sections 331 and 467. The defendant has no right to appeal from any incidental motions, with the exception possibly of motions to change the venue. (*People* v. *Hyde*, 149 App. Div. 131.)

If the Legislature by this act of 1927 intended to extend the right of the People to appeal, it should at least be stated clearly enough for the courts to give it meaning. We are unable to find wherein the extension has taken place or to what it applies. The right to appeal should not be left to inference or doubtful interpretation. The District Attorney suggests that this provision may have been intended to give the People the right to appeal from any ruling dismissing the indictment, or ending the case, which has not resulted in an actual acquittal by the jury upon the evidence. If this be the intent of the Legislature we fail to find it in these words, and hesitate to give a construction to them which in reason they do not bear. We must take these statutes dealing with crimes and procedure as they read, giving them a fair interpretation. Until the Legislature has seen fit to make the rights of the People on appeal more explicit and certain we must adhere to the practice as it has been, and rule that none of these provisions of sections 518 or 519 give to the People the right to appeal from the dismissal of the indictment in this case.

We may add that the direction of an acquittal upon the evidence as introduced at the trial is not the question before us. The direction of such an acquittal or advice to the jury to acquit, resulting in a judgment of acquittal, is a practice which has been followed for many years.

(*People* v. *Ledwon*, 153 N. Y. 10; *People ex rel. Stabile* v. *Warden*, 202 N. Y. 138, 152.) In the view we take of this case the judge did not direct an acquittal, but ruled on the motions to dismiss the indictments for insufficiency and not on the evidence as being insufficient to sustain a good indictment.

For the reasons here stated the order of the Appellate Division should be affirmed.

LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur; RIPPEY, J., concurs in result.

Order affirmed.