THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JENNIE SCHUCHMAN, Also Known as JANE SCHUCKMAN, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Richmond [County of Richmond], convicting the defendant of violating section 1250, subdivision 7, and section 1251 of the Education Law (practicing medicine without a license), unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN DOE and Others, Defendants. Re: CHARLES WORKMAN, Alias CHARLIE THE BUG, Alias JACK COHEN, Alias JACK HARRIS, Appellant.— Appeal from order denying appellant's motion to vacate an order for his commitment as a material witness, pursuant to the provisions of section 618-b of the Code of Criminal Procedure, dismissed on the ground that the order is not appealable. (*People* v. *Reed*, 276 N. Y. 5; *People* v. *John Doe* [*Re Rubenstein*], *ante*, p. 921 [2d Dept.], decided May 20, 1940.) Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.

FANNY SCHREIBER and DORIS FUREDI, Appellants, v. GEORGE S. EDIE and Others, Defendants; JAMES E. HOWES and ELIJAH M. YERKS, Respondents.— Order denying plaintiffs' motion to strike out as insufficient in law the five affirmative defenses contained in the answer of defendants Howes and Yerks, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

BENNY SUTIN, on Behalf of Himself, and All Other Creditors of ROBERT PHILIPS, Similarly Situated, Respondent, v. ROBERT PHILIPS, etc., and Others, Defendants, and COMMODORE NAVIGATION CORPORATION, Appellant.— Action by a judgment creditor of defendant Robert Philips to set aside certain transactions allegedly in fraud of that defendant's creditors. Order dated November 6, 1939, denying appellant's motion for judgment on the pleadings, dismissing the complaint for failure to state a cause of action, and to vacate or modify the notice of examination before trial, modified so as to grant the motion to strike out the " First," " Third " and " Fourth " causes of action only; and further modified so as to direct that the examination before trial be had only upon subjects of inquiry relating to the " Second " cause of action, to wit, items 3, 6 and 7. As thus modified the order is affirmed, with ten dollars costs and disbursements to the appellant, the examination to proceed on five days' notice. Order dated March 13, 1940, denying appellant's motion for judgment on the pleadings under rule 112, Rules of Civil Practice, and for summary judgment under rule 113, modified so as to grant the motion for judgment on the pleadings dismissing the complaint against appellant as to the " First," " Third " and " Fourth " causes of action only. As thus modified, the order is affirmed, without costs. Order dated March 13, 1940, denying, on condition, plaintiff's motion to preclude appellant from offering testimony on the trial with respect to items contained in its affirmative defense, modified so that it shall apply to the " Second " cause of action only. As thus modified, the order is affirmed, without costs. The time of appellant to comply with the condition in the order as to service of the verified bill of particulars is extended until ten days from the entry of the order hereon. In our opinion (a) in none of the alleged causes of action " First," " Third " and " Fourth " are facts stated sufficient to constitute a cause of action against appellant; and (b) in the " Second " cause of action facts are stated sufficient for that purpose. These rulings necessitate our determination in other respects as above stated. Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.