THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* ABRAHAM GOLDSTEIN et al., Respondents.

Court of Special Sessions of the City of New York, Appellate Part, Second Department, March 29, 1948.

*Charles E. Murphy, Corporation Counsel (Seymour B. Quel*
and *Stanley Buch'sbaum* of counsel), for appellant.

*Alexander Del Giorno* for respondents.

DE LUCA, C. J. This is an appeal by the People from a judgment of a city magistrate sustaining a demurrer on constitutional grounds, to a complaint charging a violation of subdivision a of section B32–66.0 of article 11, title B, chapter 32 of the Administrative Code of the City of New York, as amended by Local Law No. 3, January 27, 1945, which prohibits the obstruction of sidewalks in the county of Queens by stoop stands or booths. The penalty for violation is a fine of $25, or imprisonment for thirty days, or both such fine and imprisonment.

At the outset we are confronted with the question of jurisdiction to entertain this appeal. The People claim the right of appeal herein pursuant to subdivision 1 of section 518 of the Code of Criminal Procedure, and the issue on this appeal is whether or not that section applies to the Magistrate's Court.

The New York City Criminal Courts Act makes no provision for the interposition of a demurrer to a complaint. Sections 321 and 323 of the Code of Criminal Procedure permit the plea of demurrer to an *indictment* or any count thereof on the various grounds mentioned in section 323. These sections are found in part IV of the Code entitled, " Of the Proceedings in Criminal Actions Prosecuted by Indictment " (§§ 133–698), and there is no indication of intention to have them apply to offenses triable in the Magistrate's Court. Indeed, there is authority that sections 321 and 323 are not applicable to that

Court. (*People* v. *Polhamus,* 8 App. Div. 133, 137; Cobb on Inferior Criminal Courts Act, pp. 202–203.) In that view, a judgment sustaining a demurrer would not be appealable as such. However, we shall assume for the purposes of this appeal that the demurrer is equivalent to a motion to dismiss on the law, they being the same for all practical purposes, (*People* v. *Rudnick,* 280 N. Y. 5; Cobb on Inferior Criminal Courts Act, *supra;* but see contra, *People* v. *Reed,* 276 N. Y. 5); in which case the People would rely on the provisions of subdivision 3 of section 518 of the Criminal Code which permits an appeal by the People from an order of the court, made at any stage of the action, setting aside or dismissing an *indictment* on a ground other than the insufficiency of the evidence.

The statutory provisions for appeal to the Appellate Part of the Court of Special Sessions are contained in sections 40 and 41 of the New York City Criminal Courts Act and section 520 of the Code of Criminal Procedure. In none of these sections is there a specific provision for an appeal by the People.

Section 40 of the New York City Criminal Courts Act states that this court shall have exclusive power to hear and determine appeals from " a judgment, order, or other determination of a city magistrate * * *". The language used in this section was derived from the former provisions of the New York City Criminal Courts Act when appeals were taken from the Magistrate's Court to the Court of General Sessions. (L. 1910, ch. 659, § 94, as amd.) The same language appears in older statutes affecting such appeals. (Greater New York Charter, § 1412; L. 1897, ch. 378, vol. 3, p. 503; L. 1895, ch. 601, vol. 2, pt. 2, § 19.) In special proceedings of a criminal nature many of the determinations of the City Magistrate's Court result in orders rather than judgments. (Code Crim. Pro., part VI.) Undoubtedly the broad language employed was designed to embrace these final determinations by the Magistrate's Court and has no special significance in the consideration of the questions involved on this appeal.

Section 41 of the New York City Criminal Courts Act provides that an appeal to this court may be taken as a matter of right by the defendant from a judgment upon *conviction,* rendered by a city magistrate in any criminal action or proceeding or special proceeding of a criminal nature.

Section 520 of the Code of Criminal Procedure was enacted by chapter 465 of the Laws of 1926 and effected a drastic revision of the then existing law regarding appeals in criminal

cases. It limited the number of such appeals to one as a matter of right. Among its many provisions for appeals from the various courts is contained a provision for appeal by a defendant to the Court of Special Sessions from a *conviction* by a city magistrate. Nothing is stated therein concerning an appeal by the People. Obviously, in this all-inclusive plan it became necessary to embrace within its provisions all of the appellate tribunals in the State, including the Court of Special Sessions as a court possessing appellate jurisdiction. It does not follow however, because mention is made of appeals to this court, under these circumstances, in a section which appears in part IV of the Criminal Code dealing with proceedings in criminal actions prosecuted by indictment, that the provisions of section 518, comprising appeals by the People, apply to such appeals.

The case of *People ex rel. Commissioners of Charities* v. *Cullen* (151 N. Y. 54, 57 [1896]) is in point. There the court, considering the matter of appeals from an order of a police justice, held that part IV of the Criminal Code embracing sections 133 to 698 inclusive, relates to proceedings in criminal actions prosecuted by indictment; that sections 515 to 549 deal with the subject of appeals when prosecuted by indictment; that part V of the Code, sections 699 to 772, relates exclusively to proceedings in Courts of Sessions, Police Courts and the like; that title III of part V, sections 749 to 772, embraces appeals from those courts and provides a complete system of reviewing all judgments rendered therein independently of the system regulating appeals where the prosecution is by indictment. (See, also, *People* v. *Johnston*, 187 N. Y. 319.)

It should be pointed out that subdivision 3 of section 518 of the Criminal Code, which we believe to be the pertinent subdivision involved in this appeal, was enacted by chapter 832 of the Laws of 1942 to overcome the legal difficulty encountered in *People* v. *Reed* (276 N. Y. 5, *supra*) where the Court of Appeals found it imperative to hold, under the statute as it then read, that there was no appeal by the People from an order granting a motion to dismiss an indictment for insufficiency made at any time during the trial. This subdivision, though recently enacted, refers only to appeals in cases prosecuted by *indictment* and there is nothing therein contained from which we can infer it was intended to embrace appeals in actions triable in the Magistrate's Court.

Were we to hold that section 518 is applicable herein, it would seem that our decision sustaining or reversing the court

below could be considered final and not appealable further to the Court of Appeals since section 519 of the Criminal Code provides for further appeals to such court in such instances, only from the Appellate Division. This anomalous result negatives the thought that the right to appeal herein was ever contemplated, nor do we think that the force of this observation is affected by the interpretation given to subdivision 3 of section 520, by the recent case of *People* v. *Hatzis* (297 N. Y. 163).

Some light may be shed upon the legislative intent to be gathered from the various statutory provisions we have been considering, by a brief consideration of certain statutory amendments made by chapter 706 of the Laws of 1947, permitting an appeal from an order denying or granting a motion in the nature of a writ *coram nobis* or an order affirming or reversing such an order. (Code Crim. Pro., §§ 517–519; N. Y. City Crim. Cts. Act, § 36.) This was done to obviate the holding in *People* v. *Gersewitz* (294 N. Y. 163) that there was no such right of appeal. Section 36 of the New York City Criminal Courts Act, dealing with appeals from judgments of conviction in the Court of Special Sessions, was amended by said Act to provide for appeals by both the defendant and the People from orders in *coram nobis* motions, in recognition of the *coram nobis* powers of the Court of Special Sessions. (*Hogan* v. *New York Supreme Court*, 295 N. Y. 92.) Apparently the Legislature did not consider the similar amendments to sections 517 and 518 of the Criminal Code as sufficient to establish such right to appeal from that court without amending said section 36. Significantly, no like amendment was made to sections 40 and 41 of the New York City Criminal Courts Act, which provide for appeals from the Magistrate's Court. It seems obvious from the legislative scheme, aside from the question of the jurisdiction of the Magistrate's Court in *coram nobis* applications, that the Legislature did not wish to provide for the right of appeal in such matters from the Magistrate's Court and did not intend by its amendments to section 517 and 518 to grant such right; yet the appellant is forced to ascribe such intention to the Legislature by maintaining that section 518 applies to the Magistrate's Court. Appellant's position is untenable.

Under the common law the State had no right to bring error or appeal in a criminal case unless expressly conferred by statute (*People* v. *Corning*, 2 N. Y. 9; *People* v. *Merrill*, 14 N. Y.

74; *People* v. *Bork,* 78 N. Y. 346) whereas, at common law there was a right to review in a criminal case in behalf of the defendant by writ of error, although under modern practice such right and the right to appeal are entirely matters regulated by constitutional or statutory provisions. (17 C. J., Criminal Law, §§ 3258 *et seq.*, 3309, and cases cited; *People* v. *Johnston,* 187 N. Y. 319; *People* v. *Zerillo,* 200 N. Y. 443; *People* v. *Reed, supra.*)

It would appear therefore, that in the absence of a clear statutory grant of the right to appeal herein, the appeal must fall. As against this conclusion, however, it is urged that the wording of the introductory sentence of section 518 of the code is evidence of an intent by the Legislature to permit appeals by the People to this court. Prior to the year 1927, the wording of this introductory sentence provided for appeals to the Appellate Division of the Supreme Court. By chapter 337 of the Laws of 1927 this sentence was amended so as to provide for appeals " to an appellate court " instead of to the Appellate Division of the Supreme Court. By the same statute, subdivision 4, subsequently renumbered 5, was added providing for appeals by the People " in all cases where an appeal may be taken by the defendant except where a verdict or judgment of not guilty has been rendered." It is interesting to note that in discussing this last provision, the Court of Appeals could find no instances for its application. (*People* v. *Reed, supra.*) Whatever the legislative intent may have been it is reasonable to infer that there is some inter-relation between the two changes made simultaneously by the same legislative enactment. The general language of subdivision 5 encompasses the possibility of its application to cases on appeal to either the Appellate Division or the Court of Appeals, so that it was necessary to change the introductory sentence to conform with that possibility. This seems to us to be a reasonable explanation of the legislative change in the wording of the introductory sentence. At any rate we perceive no definite intention to extend the provisions of section 518 to appeals from the Magistrate's Court.

Summary offenses triable in the Magistrate's Court are not crimes within the meaning of that term as defined or contemplated in the Penal Law or the Code of Criminal Procedure. Many of such offenses are tried in that court and the desirability of a speedy disposition is manifest. The various provisions in the Code of Criminal Procedure controlling the trial

of crimes prosecuted by indictment are not adapted for the practice and procedure long employed in the Magistrate's Court in the disposition of these summary offenses and unless it is clearly indicated that these provisions should apply, we believe it to be beyond our sphere to make them apply by judicial interpretation.

Subdivision 4 of section 31 of the New York City Criminal Courts Act provides that all sections of the Code of Criminal Procedure consistent with the New York City Criminal Courts Act, regulating and controlling the practice and procedure of the Court of General Sessions, shall apply to and regulate and control the practice and procedure in the Court of Special Sessions insofar as its jurisdiction and organization will permit. Appellant contends that this statute applies to the practice and procedure in the Appellate Part of the Court of Special Sessions. We disagree. Obviously, it was meant to conform the practice and procedure in trials in and appeals from the Court of Special Sessions to that in the Court of General Sessions. (*People* v. *Hammerstein,* 150 App. Div. 212; *People* v. *Firth,* 157 App. Div. 492; N. Y. City Crim. Cts. Act, § 36.) It cannot be held to apply to appeals to the Appellate Part of the Court of Special Sessions because as there are no appeals to the Court of General Sessions there is no practice or procedure on appeal to this latter court to which the practice and procedure on appeals to the former should conform.

Before concluding this opinion it is pertinent to emphasize, for the guidance of the court below, the admonition contained in *People* v. *Reed* (*supra*) to the effect that the People are entitled to any reasonable doubt on the law, especially on the question of constitutionality, where there is no right by the People to review an erroneous ruling by the Trial Judge.

For all the above reasons the appeal herein is dismissed.

FARRELL and PERLMAN, JJ., concur.