Froessel, J. (dissenting).
The petitioners herein were charged with trespass in dropping anchor, from their respective boats, upon private land under water, without the authority of the owner thereof, in violation of an ordinance of the Village of Lloyd Harbor. There is no dispute as to the facts. At the close of the People’s case, during a consolidated trial, petitioners’ attorney moved to dismiss the informations on the ground “ that navigable waters, no matter who owns the ground under the water, can be used by the public in their boats for anchoring ”. In doing so, petitioners in effect conceded the facts stated in the informations, but contended such facts constituted no violation as a matter of law. The court reserved decision.
Taking judicial notice (see n. 7 Misc 2d 373, 377) that the waters in question were navigable, based upon publications of the United States Coast and Geodetic Survey, the court dismissed the charges after trial, upon the law. It concluded (p. 384) “that when the owners of the harbor area caused their lands to be submerged by navigable waters, the public right of navigation, including as an incident thereto the right to anchor, immediately extended to the area”—the very basis of petitioners’ motion to dismiss. Its opinion (see 7 Misc 2d 373) was summarized in the original and amended returns as well as incorporated therein by reference. The inadvertent *369 use of the words “ not guilty ” in the original return cannot override the true nature of the dismissal as clearly revealed in the record before us.
After appeal to the County Court, petitioners instituted this article 78 proceeding in the nature of prohibition, and were successful in the Appellate Division. We disagree with the conclusion of that court that the People had no statutory right of appeal.
That was the law at the time of our decision in People v. Reed (276 N. Y. 5) and when People v. Merrill (156 Misc. 637) was decided. In People v. Reed, where the motion to dismiss the indictment on the law was made, as here, at the end of the People’s case, and granted at the end of the whole case, Chief Judge Cbaíte pointed out (p. 9) that, while “ the defendant under our criminal procedure is entitled to the benefit of every reasonable doubt on the facts, the People should be entitled to any reasonable doubt a trial judge may have upon the law for, if he makes a mistake on the law, the People have no opportunity or method of reviewing his ruling, as strange as it may seem to us in this enlightened day”, adding (p. 14): 1 ‘ Until the Legislature has seen fit to make the rights of the People on appeal more explicit and certain we must adhere to the practice as it has been, and rule that none of these provisions of sections 518 or 519 give to the People the right to appeal from the dismissal of the indictment in this case.”
To overcome the effect of our decision, and upon renewed recommendations of the Judicial Council, the Legislature by chapter 832 of the Laws of 1942 enacted present subdivision 3 of section 518 of the Code of Criminal Procedure, as evidenced by “ Note of Commission” to this section (McKinney’s Cons. Laws of N. Y., Book 66, Part 2, p. 382), which states: “ Note of Commission.— Amendments by L. 1942, c. 832, affecting this section and section 519 were recommended by the Judicial Council. ‘ It changes the statutory right to appeal as interpreted by People v. Reed, 276 N. Y. 5 (1937) and would permit the people to appeal from a dismissal of an indictment granted as a matter of law if the order were made during the trial just as is now permitted when such an order is granted upon a demurrer to the indictment or upon a motion in arrest of *370 judgment, etc. It would not allow an appeal from an order dismissing an indictment for reasons connected with the weight or sufficiency of the evidence. See Eighth Annual Report of the Judicial Council, p. 62; also Sixth Annual Report, p. 55; also Seventh Annual Report, p. 56.’ See also Fourth Annual Report, p. 60; Fifth Annual Report, pp. 40-41.”
Subdivision 3 of section 518 (made applicable to appeals from Courts of Special Sessions by Code Crim. Pro., § 750) provides that the People may appeal “ From an order of the court, made at any stage of the action, setting aside or dismissing the indictment on a ground other than the insufficiency of the evidence adduced at the trial ”. (Emphasis supplied.) The language is unambiguous, concise and sweeping. The legislative intent is clear. In this case we have an order of the Police Justice sitting as a Court of Special Sessions made m the course of the action — the stage is not determinative—following a motion to dismiss made at the end of the People’s case. The informations were dismissed “ on a ground other than the insufficiency of the evidence adduced at the trial ”, namely, on the law, the facts being undisputed. When the Legislature spoke of the dismissal of an indictment “ on a ground other than the insufficiency of the evidence adduced at the trial ”, we must assume it meant precisely what it said, and particularly so since its manifest purpose was to carry out our suggestion in the Reed case (supra).
Therefore, inasmuch as the dismissal was on the law alone, the People had the right to appeal therefrom. Whether or not the trial court’s determination of the legal question ruled upon is correct is not at present relevant. The People are entitled to have that question reviewed by the County Court (Code Crim. Pro., § 749) and, on further appropriate appeal, by our court. No appeal could be taken to the Appellate Division in any event. It is clear that the County Court to which this appeal was taken had the power to decide whether said appeal was properly before it under subdivision 3 of section 518, just as all appellate courts, including our own, have the power to determine whether or not appeals are properly taken. Appellate courts exercise that power every day. If the County Court decided that question erroneously, the remedy of appeal to our court was provided. Under these circumstances, the extraordinary remedy of prohibition was not available.
*371 The order appealed from should be reversed, and the proceeding dismissed, without costs.
Judges Desmond, Dye and Fuld concur with Judge Van Voorhis; Judge Froessel dissents in an opinion in which Chief Judge Conway and Judge Burke concur.
Order affirmed.