Francis J. Donovan, J.
The defendant is charged with a violation of the Building Zone Ordinance of the Town of Hempstead. When the case was called for trial defendant moved to dismiss the information for insufficiency.
The defendant’s property is located in a business district. The material portion of the ordinance reads as follows:
" ARTICLE 7
" Business Districts
“ Sec. X-1.0. In a Business District the following regulations shall apply:
" A building may be erected, altered or used, and a lot or premises may be used for any of the following purposes and for no other: * * *
" X-1.10. Carpenter, Hand Cabinet-Making Furniture Repair or Upholstery Shop, Electrical Shop, Hand Metal Working, Blacksmith, Tinsmith, New and Unused Plumbing, Pet Shop, Gas, Steam or Hot Water Fitting Shop.”
The information so far as material states that defendant operated a ££ machine cabinet-making ” shop on the premises.
Two questions are presented:
(1) Assuming that the ordinance prohibits defendant from operating any power tools whatsoever, is the ordinance in that re sp ect unconstitutional ?
(2) Are sufficient facts alleged to spell out a violation?
*262 As argued by the town, there is undoubtedly a presumption of constitutionality which ordinarily makes it impossible to bring the constitutionality of the ordinance in issue on a motion addressed to the face of the information. However, this is not always the case. If the ordinance should be unconstitutional on its face, certainly the matter might be raised by a preliminary motion.
In the regulation of uses the town must be reasonable. The distinction made between permissible uses must have some reasonable relationship to the public health, morals, safety, order or general welfare. Discriminatory categories and prohibitions having no such relationship are invalid. (People v. Kuc, 272 N. Y. 72.)
For all that appears in the information, the machine or machines used by the defendant may be simple, portable electrically operated hand tools. If the ordinance were to be construed to prohibit the use of such simple tools by the defendant on his premises while at the same time a carpenter might operate without such restriction, or an electrical shop, a blacksmith shop or gas, steam or hot-water fitting shop might be operated, it is difficult to see how the ordinance could be construed to be constitutional on its application.
The court takes judicial notice of the fact that the portable electric drill is as common an appliance in a workshop as the electrical egg-beater is in private residences. Could use of such a tool or machine be prohibited? The ordinance cannot be given such a strained construction. Craftsmen cannot be prevented from making use of modern developments in the development of tools where the use of such tools have no adverse effect on the public welfare, health, morals or safety of the community. (MacMillan v. McCaffrey, 201 Misc. 574.)
This discussion need not be further extended, nor need the constitutionality of the statute as applied to various fact situations be determined. On the information filed, no such determination can be made by the court.
The only allegation of the information throwing any light on what operations are conducted on the premises is a Building Inspector’s determination that the defendant is conducting a ‘ ‘ machine cabinet-making shop. ’ ’ This conclusion of the Building Inspector will not suffice.
An information must in every case allege facts, as distinguished from conclusions. There is no description of the type of machines used, nor is their number or their nature set forth. Nor are there any facts as to the scope, volume or other characteristics of the business conducted on the premises. The *263 information is therefore insufficient on its face (People v. Zambounis, 251 N. Y. 94).
Accordingly, the motion is granted and the information is dismissed.