Burke I. Burke, J.
This motion, before trial, to suppress a statement, given to police by a defendant charged with murder, arises by reason of a June, 1964, decision of the United States Supreme Court.
Prior to Jackson v. Denno (378 U. S. 368) the question of voluntariness of confessions or .statements by defendants in New York State was raised during trial, the trial court excluding them as a matter of law if found to be coerced, otherwise leaving both voluntariness and weight to the jury.
This procedure was stopped cold by a former Colorado halfback (Justice Byroh R. White), who called defense signals, led the charge on the old practice, and wrote the majority (5-4) opinion in Jackson v. Benno. Justice White believed existing procedure did, not afford maximum protection to defendants.
Generally it has been accepted that a trial court will not act in an area unless its authority to do so is reasonably prescribed by the Constitution, statute or higher judicial authority. There is no constitutional or statutory direction in this instance, because the proposed means of testing the claims here are a complete departure from the practice approved in the past by the United States Supreme Court. (Stein v. New York, 346 U. S. 156.)
However, in a similar situation created by the decision of the United States Supreme Court in Mapp v. Ohio (367 U. S. 643) our Court of Appeals said that the lack of any statutory or procedural rule dealing with the determination of a claimed constitutional right does not create a bar to a defendant’s making an application to the court in advance of trial to suppress the challenged evidence. (People v. Loria, 10 N Y 2d 368, 374.) My colleague, Judge Jacob A. Latoha, has ruled that the County Court will entertain a motion of this type.
*612 Justice White’s decision requires a separate hearing on the question of voluntariness, leaving to the respective States the option of (1) having the issue decided by the Trial Judge or (2) by a different Judge or (3) by a different jury before or during trial.
Although this court is aware of its obligation to protect a defendant’s constitutional rights, it must be remembered that the right to appeal by either People or defendant is limited to those matters specified by statute. (People v. Gersewitz, 294 N. Y. 163.) This being so, objection could be raised to an attempt by the People to appeal from an adverse decision herein.
The language of the Court of Appeals in People v. Reed (276 N. Y. 5, 9) is a helpful guide in this area: “ While the defendant under our criminal procedure is entitled to the benefit of every reasonable doubt on the facts, the People should be entitled to any reasonable doubt a trial judge may have upon the law for, if he makes a mistake on the law, the People have no opportunity or method of reviewing his ruling ”.
The hearing has been held and the testimony of numerous witnesses heard. The defendant claims the statement was obtained by psychological coercion, achieved in part by delay in arraignment and interrogation in the absence of counsel. The defendant further claims that a gun, found near the scene of the alleged crime, was illegally obtained by police as a result of the statement, and should be suppressed as evidence.
Delay in arraignment always is a consideration in connection with a challenge to voluntariness. It is noted that defendant was not arraigned in the Buffalo City Court until the second day after his arrest, but it also is noted that he was apprehended on the night of December 24, Christmas Eve.
The rules of the City Court provide that the court shall be open on holidays. While Buffalo City Court Judges are widely known for their zeal and love of the law, few tend to congregate at the court on Christmas. Chief Clerk Raymond J. McMahon testified at the hearing that one Magistrate was present on December 25 for an unspecified time, opening court at 9:00 a.m., and continuing in session until any business on hand was completed.
The higher courts of this State have not declared that delay in arraignment under all circumstances will result in the suppression of use of admissions. (People v. Lane, 10 N Y 2d 347.) Similarly, the higher courts of this State and the United States Supreme Court, even in Escobedo v. Illinois (378 U. S. 478) have not specifically held that use of admissions obtained from a suspect when he fails to request counsel must be sup *613 pressed, though the police fail to advise of right to counsel or to remain silent.
Although there is evidence the police acquired some knowledge of the location of the gun from defendant, it appears the gun was lying near the public sidewalk on Shumway Street; that it had been abandoned by defendant and was not in his possession or control.
Accordingly, the theory of psychological coercion based in part upon delay in arraignment, the claims concerning right to counsel and for suppression of the gun as evidence are rejected.
Disposition of this motion does not necessarily mean that the statement of defendant must be submitted as a voluntary statement to the jury at the trial. Such a thought would show lack of familiarity with the warp and the woof of the law.
After the separate hearing is conducted, as required, the United States Supreme Court decision leaves it to the respective States to say whether they will follow what is termed the Massachusetts rule or what is described as the Wigmore orthodox rule.
The Massachusetts rule gives authority to the trial jury to reject a statement for lack of voluntariness in much the same manner as the courts of New York have done previously, but only after the issue has been resolved against the accused at the separate hearing. Under the Wigmore orthodox rule the sole decision as to voluntariness would be made at the separate hearing, and the statement’s consideration by a trial jury would be limited to the question of weight. The responsibility of which rule to apply will rest with the actual trial court until such time as the Legislature or the higher courts act.
The question decided presently is that defendant’s statement and a gun found near a public sidewalk shall not be suppressed before trial. The motion is denied. Submit order.