Charles J. Gaughan, J.
The People appeal from a judgment rendered October 1,1964 by the City Court of Buffalo (William G. Heffron, J.) granting the defendant’s motion to dismiss the complaint for the reason that section 381 of the Ordinances of the City of Buffalo is so broad and vague as to be unconstitutional.
The defendant was charged with painting premises located at No. 374 Starin Avenue, Buffalo, on September 2, 1964, without having obtained a license as required by the city’s “Home Improvement ” licensing ordinance. Prior to the commencement of the trial on September 17,1965, the defendant moved against the complaint upon the grounds that this ordinance was unconstitutional. At that time, defense counsel exhibited an incompleted brief to the court on this question and requested an adjournment of one week for the purpose of completing the brief and submitting copies to the court and Corporation Counsel.
The court, however, reserved decision on the motion and directed the trial to commence. At the close of the evidence the defendant renewed his motion to dismiss the complaint. The court again reserved decision and thereafter granted the motion with the following opinion: “ The defendant is charged with a violation of Chapter 5, Art. XXIII, Sec. 381 of the City Ordinances. It is claimed that he entered into a contract with the owner to paint his home and that pursuant to that contract he *638 was scraping the house preparatory to painting it. The statute prohibits a person from engaging in ‘ Home Improvements ’ without first securing a license. The definition of the term 1 Home Improvements ’ is so broad as not to have any objective standards at all. The statute is so broad that an owner could not allow a contractor or a window washing company to wash windows without first getting a license. Nor could the so-called ‘ Man a block ’ clean up around the neighborhood without getting a license and posting a bond. This was never the intended result. I find the statute so broad and vague as to be unconstitutional. ’ ’
Section 381 of the Buffalo City Ordinances provides that “No person, firm, partnership or corporation shall engage in the business of home improvements without having obtained a license as herein provided.” Subdivision 2 of section 380 of the same ordinances states that “home improvement” is engaging in, or the performance of any work, labor, services, or solicitation of any work or contract to remodel, alter, improve or change the interior or exterior of any home.
There is no doubt that a penal statute must afford some comprehensive guide as to what must be done or avoided, so that an ordinary member of society may know how or who must comply with the law. Here, though this is not the salient issue upon this appeal, the ordinance is subject to a broad application, as are many statutes or ordinances, if a hard enough attempt is made. For example, to carry the lower court’s observations a step further, a young lad who is paid to carry garbage out of a home could possibly be required to be licensed, since it certainly improves a home to have it free of garbage. But this departs from the true issue.
Though it has been said that a court of first instance should refrain from declaring an act of the Legislature unconstitutional except in rare cases involving life and liberty, the better rule appears to make such action the courts’ duty when a legislative act clearly appears to be a usurpation of a prohibited power. However the courts should proceed with caution and great deliberation in negating an act of legislation, especially where conditions may exist which make such legislation reasonably necessary for the public welfare and protection. The mischief that this law was intended to cure is the same mischief challenged for years by Better Business Bureaus and legitimate contractors, tradesmen and artisans — the fleecing of homeowners by “ fly-by-night ” and incompetent contractors who charge excessive prices, usually in advance, for home improvements of inferior quality and workmanship. The fruits of the *639 protracted labors of a legislative body should not be lightly cast aside with a few short lines, for the evil that might result could be irreparable. That is the result here.
Regardless of whether we have an opinion concerning the correctness of the decision of the court below, the appeal must be dismissed for other reasons.
Subdivision 3 of section 76 of the Buffalo City Court Act (L. 1909, ch. 570, as amd. by L. 1951, ch. 654), which was effective at the time this appeal was taken, allows the People to appeal in ordinance violations ‘ ‘ From an order of the court made at any stage of the action setting aside or dismissing the information or complaint or summons or action on a ground other than the insufficiency of the evidence adduced at the trial. ’ ’ The People have no right to appeal where a judgment of not guilty has been rendered. A trial is concluded by a judgment either of conviction or acquittal. When, a full trial is had, the judgment rendered is one on the merits. It is not an order dismissing the complaint on a ground other than the insufficiency of the evidence adduced at trial.
The record discloses, over the signature of the lower court in his return on appeal, “ That the defendant was tried on said charge on the 17th day of September 1964 and after hearing the evidence adduced by the People and the defendant * * * the defendant was found not guilty on said charge.” The acquittal did not give the People a right to appeal, as it followed a full trial. Were we to reverse the lower court and order a new trial, the defendant could claim that he was being subjected to double jeopardy.
“ It is not necessary in order that a person may avail himself of the constitutional right not to be placed twice in jeopardy for the same offense that the prior trial shall have resulted in a valid judgment either of conviction or acquittal. It is sufficient if the prisoner was actually placed in jeopardy in that he was in danger of having a valid judgment pronounced as the result of the trial.” (People ex rel. Meyer v. Warden of Nassau County Jail, 269 N. Y. 426, 429.) The general rule in this State is that when the court has jurisdiction and all prior proceedings are valid, a defendant is placed in jeopardy when he has been arraigned and pleaded to a valid charge, the trial is started and evidence given. (People ex rel. Stabile v. Warden of City Prison of City of N. Y., 202 N. Y. 138.)
In our opinion, the lower court erred by directing the trial to proceed before rendering his decision on the constitutionality of the ordinance. Or he should have resolved the question in favor of the People after completing the trial. In People v. Reed *640 (276 N. Y. 5, 9) the highest court in New York cautioned the lower courts that ‘ ‘ While the defendant under our criminal procedure is entitled to the benefit of every reasonable doubt on the facts, the People should be entitled to any reasonable doubt a trial judge may have upon the law for, if he makes a mistake on the law, the People have no opportunity or method of reviewing his ruling ”.
As a result of this case, the ordinance has been consigned to the limbo of laws. Since we are unable to review the lower court’s ruling, the interpretation and declaration of unconstitutionality stands, yet the other nine Judges of this same court are free to disregard the ruling. The ultimate fate of this act remains in their hands.
The appeal is dismissed.