Johs Copertiho, J.
Defendant has been charged with violation of subdivision f of section 1.5 of article I of the Fire Prevention Code of the Town of Islip which became effective on August 9, 1965.
The pertinent part of the section provides as follows:
“ Section 1.5. Orders to Eliminate Dangerous or Hazardous Conditions.
1 ‘ Whenever any inspectors of the bureau of Fire Prevention as mentioned in Section 1.4 shall find in any building or upon *800 any premises dangerous conditions or materials as follows, he or they shall order such dangerous conditions or materials to be removed or remedied in such manner as may be specified by the Chief of the Bureau of Fire Prevention.
“ Whenever any of the officers, members or inspectors of the Fire Department or Bureau of Fire Prevention as mentioned in section 1.4 shall find in any building or upon any premises dangerous or hazardous conditions or materials as follows, he or they shall order such dangerous conditions or materials to be removed or remedied in such manner as may be specified by the Chief of the Bureau of Fire Prevention.
*.V. M. 17 17
‘ ‘ f. Any building or other structure which, for want of repairs, lack of adequate exit facilities, automatic or other fire alarm apparatus or fire extinguishing equipment or reason of age or dilapidated * condition, or from any other cause, creates a hazardous condition.”
Article 31 a. provides: ‘ ‘ Any person violating any of the provisions of this Ordinance shall be guilty of a misdemeanor, and upon conviction thereof be punishable by a fine not to exceed fifty dollars for each offense or by imprisonment in the County Jail, or by both fine and imprisonment.”
The information giving rise to this action reads: * ‘ That the said defendant on the 20th day of April 1969 at the Hamlet of Sayville in the Town of Islip County of Suffolk, N. Y. at about 10:00 o’clock in the forenoon of said day, did commit the offense of violating Article 1, Section 1.5F Fire Prevention Code Town of Islip against the person or property of the People of the State of New York by wrongfully, intentionally, knowingly, recklessly, with criminal negligence did cause allow and permit a fire gutted building located at #119 Railroad Avenue, Sayville, New York to remain in a hazardous condition in violation of aforementioned Town of Islip Fire Prevention Code.”
The defendant has demurred to the information on the “ grounds * * * that the information is insufficient”.
The People contend that this ground is not within the grounds set forth in section 323 of the Code of Criminal Procedure and that this section is inapplicable to informations.
While section 62 of the Code of Criminal Procedure does not make section 321 applicable to Courts of Special Sessions, there is ample authority to permit these courts to treat a demurrer as a motion to dismiss the information for insufficiency (People v. Lee, 151 Misc. 431, 432-433 and People v. Goldstein, 192 Misc. *801 337, 338-339). If such a motion is resolved against the People, they may — if they so desire — appeal (Code Crim. Pro., § 518, subd. 3; People v. Levenstein, 309 N. Y. .433; People v. De Courcy, 8 N Y 2d 192; and People v. Marra, 13 N Y 2d 18, 20-21).
The information merely charges that defendant permitted ‘ ‘ a fire gutted building * * # to remain in a hazardous condition in violation of ” the Islip Code. One of the essential elements of the offense charged is that an order was issued to remove or remedy dangerous conditions or materials and that said order was not complied with. The information is silent as to any such order. The question is whether the omission is fatal.
The People maintain that the offense charged is a violation and that, therefore, the information need not be as exact nor need it state all the essential elements as an information charging a misdemeanor (People v. Hipple, 263 N. Y. 242, and People v. Jerome, 8 Misc 2d 883, 887).
The People’s contention that the offense charged is a violation by virtue of subdivision 3 of section 55.10 of the Penal Law is questioned.
Paragraph (a) of subdivision 3 refers to offenses outside the Penal" Law regardless of designation where the sentence provided for is a fine only or imprisonment not in excess of 15 days. It would appear that the offense involved is not governed by paragraph (a) of subdivision 3 because the ordinance does not specifically prescribe a sentence of imprisonment that does not exceed 15 days. No mention of the maximum period is made at all.
While the ordinance was enacted prior to September 1, 1967, paragraph (b) of subdivision 3 is inapplicable because the offense is specifically designated as a misdemeanor.
It would also appear that paragraph (c) of subdivision 2 is not satisfied, because the ordinance does not specifically provide fór a term in excess of 15 days but not in excess of one year.
The court is of the opinion that the offense charged is a class A misdemeanor by virtue of paragraph (b) of subdivision 2 of section 55.10 of the Penal Law. In order to come within the purview of paragraph (b) of subdivision 2, the offense must be defined outside the Penal Law, must be designated as a misdemeanor, must be silent as to classification or sentence (not classification and sentence), and must not come within the provisions of paragraph (a) of subdivision 3. The word “or” between the words “ thereof ” and “ of ” must be construed as meaning “ or ” and not “ and.” Were it otherwise the offense *802 in the case at bar — as well as many other offenses under various local ordinances — would not fit into any of the categories as set forth in subdivisions 2 and 3. Therefore, it must be concluded that the Legislature intended use of the word “or” (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 365).
The offense here is defined outside the Penal Law, is designated as a misdemeanor, is silent as to classification, and does not come within the provisions of paragraph (a) of subdivision 3.
An information charging a misdemeanor must factually set forth all the ingredients of the crime (People v. McGuire, 5 N Y 2d 523). Further, alleging conclusions without setting forth the facts upon which the conclusions are drawn will not do (People v. Turner, 32 Misc 2d 594, and People v. Feinstein, 36 Misc 2d 261).
The gravamen of the offense here is noncompliance with an order. No mention of the order, its service upon the defendant, and noncompliance is made. To allege merely that defendant permitted a building to ‘ ‘ .remain in a hazardous condition in violation of ’ ’ the ordinance is to allege a conclusion which may or may not rest upon a prior order and noncompliance therewith. The defendant is entitled to know with certainty.
Accordingly, the information is found insufficient and should be dismissed.

 So in original. Probably should be “ dilapidated.”