OPINION OF THE COURT
Leon N. Armer, J.
Defendant has been indicted for a murder allegedly committed November 17, 1980. Extensive psychiatric examinations have been conducted relative to the filing of a defense of mental disease or defect, in which inculpatory statements appear to have been made to examiners. The case has been reached for trial, and prior to selection of a jury, defense counsel seeks a ruling as to the admissibility of such statements in the event that the defense of mental disease or defect is abandoned, but defendant testifies on his own behalf on the remaining issues of the case.
Assuming the statute to be otherwise constitutional, evidence of such admissions cannot be presented by the prosecutor as evidence in chief, or rebuttal evidence in the event defendant presents a defense on the merits without testifying himself (see CPL 60.55, subd 2, as amd by L 1980, ch 548, eff Sept. 1, 1980). If he does so testify, the relevance of such prior admissions would be only to the issue of defendant’s credibility, as prior inconsistent statéments
Once a person voluntarily takes the witness stand he has an obligation to testify truthfully. “The protections af *410 forded by constitutionally guaranteed rights may not be cavalierly converted into a license to commit perjury” (People v McGrath, 46 NY2d 12, 29). A suppressed confession is competent for a cross-examination of the nature feared here. (People v Harris, 25 NY2d 175, affd 401 US 222.)
Instant question, however, is one of legislative intent, not constitutionality, unless, of course, the question as to whether or not a Legislature has the right to deprive one party of a right available to others be raised as a denial of equal protection of law. Quaere, therefore, did the use of the word “issue” in the statute refer only to substantive issues, or did it extend to the secondary issue of credibility? To construe the term in a manner tending to sacrifice or prejudice the public interests in maintaining judicial process as a truth-finding mechanism is to be avoided unless it clearly appears that the Legislature intended such a result (see McKinney’s Cons Laws of NY, Book 1, Statutes, § 152). Such a legislative intent does not here leap from the printed page. Thus a reasonable doubt exists as to what the Legislature actually did intend. Such doubt, since the ruling sought must be made upon the trial, should be resolved in favor of the People at trial level to preserve the right of appellate review (People v Reed, 276 NY 5, 9).