THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* ROBERT A. MERRILL, Respondent.

County Court, Oneida County, September 26, 1935.

*Jacob Tumposky, Corporation Counsel (Michael Yust, Assistant Corporation Counsel)*, for the appellant.

*William R. Goldbas*, for the respondent.

HANAGAN, J. Defendant was arrested in the city of Utica April 21, 1935, charged with driving his automobile on Genesee street at an unlawful rate of speed in violation of section 3-a of ordinance 103 of 1920 of the city of Utica, as last amended by ordinance 325 of 1933. Upon arraignment he pleaded not guilty. Trial was had in the City Court of Utica on May 27 and June 3, 1935. The police officer making the arrest was the only witness sworn. Thereupon both sides rested. The attorney for the defendant moved for a discharge upon two grounds: (1) That the

court could not take judicial notice that the distance between Oswego street and Shepard place is greater than one-quarter of a mile, and that the burden of proof was on the prosecution to prove that the distance was greater than one-quarter of a mile; (2) that it appeared that there had been a failure by the city clerk to file in the Secretary of State's office a certified copy of the amending ordinance 325 of 1933 as provided in section 22 of the basic ordinance 103 of 1920. After a lengthy discussion of the motion by the court and the attorneys for the respective parties, the court held that the amending ordinance 325 of 1933 was not effective until a certified copy of such amending ordinance was filed in the office of the Secretary of State, or the proper State official performing those duties, as provided by section 22 of ordinance 103 of 1920, and thereupon granted the motion and discharged the defendant.

The People have taken an appeal to this court pursuant to section 518 of the Code of Criminal Procedure.

It is the opinion of this court that the City Court of Utica was in error in granting the motion for the discharge upon the ground above stated. Section 22 of ordinance 103 of 1920 reads as follows: " This ordinance shall take effect immediately after the third publication thereof in the official newspaper as provided by section 38 of the revised charter of the city of Utica. The clerk is hereby directed to file with the Secretary of State at Albany a certified copy of this ordinance." At the time of the passage of this ordinance, section 288 of the Highway Law, among other things, provided that " Official copies of all local ordinances passed under the provisions of this section shall be filed with the secretary of state at least thirty days before they shall respectively take effect." This section, among others, was repealed with the enactment of the Vehicle and Traffic Law in 1929. At the time of the enactment of the amending ordinance 325 in 1933, there was no law of this State requiring the filing of official or certified copies of such ordinances with the Secretary of State or any other State official or department. It will be noted that the basic ordinance was silent as to any direction for filing amendments thereto with the Secretary of State.

The filing of a certified copy of the amending ordinance 325 of 1933 with the Secretary of State at the time of its enactment was without purpose, inconsequential and immaterial. The failure of the city clerk of Utica to file such certified copy with the Secretary of State does not invalidate the legislation provided by the amending ordinance. " The omission of the city's agents to perform purely clerical and formal duties has no vitiating effect." (*City of Glens Falls* v. *Standard Oil Co.*, 127 Misc. 104.)

Nevertheless, the appeal herein must be dismissed. The appeal was taken by the People under subdivision 4 of section 518 of the Code of Criminal Procedure. That subdivision provides that the People can appeal in all cases where an appeal may be taken by the defendant, except where a verdict or judgment of not guilty has been rendered. It appears from the record in the City Court that the granting of the motion and the discharge of the defendant was equivalent to an acquittal. The decision of the court was on the merits. Therefore, the appeal does not come within the foregoing subdivision. The fact that the court erred in discharging the defendant does not change the situation. The courts have uniformly held that even though the court errs in directing an acquittal, the defendant cannot be subsequently tried on the same charge. (*People* v. *Goldfarb*, 152 App. Div. 870, 874; affd., 213 N. Y. 664; *People ex rel. Stabile* v. *Warden of City Prison*, 139 App. Div. 488; affd., 202 N. Y. 138.)

The appeal herein is dismissed.