STATE, Appellant, vs. FLANAGAN and others, Respondents.

*January 11—February 15, 1946.*

For the appellant there was a brief by the *Attorney General, Warren H. Resh,* assistant attorney general, and *Allan M. Stranz,* district attorney of Forest county, and oral argument by *Mr. Resh.*

*Earl L. Kennedy* of Rhinelander, for the respondents.

MARTIN, J.   On the night of October 3, 1943, R. G. Olson, a state conservation warden, was parked on a side road just off Highway 32, about two miles west of Hiles in Forest county.   At about 10:20 p. m. he saw the car in which defendants were riding come around a bend just after he had noticed several deer feeding on some new seeding along the road.   Their car was traveling very slowly.   Just after it passed, Olson

noticed a light out of the left side window, sweeping the sides of the new seeding. Olson, who had been standing in the middle of the road beside his car, got into his car and followed the defendants for a distance of about two miles, then stopped them. During the pursuit of the defendants Olson had the siren blowing and a red warning light directed on the car in which defendants were traveling.

When defendants' car stopped, Olson got out of his car and went to defendants' car. His official star was on the outside of his coat and he disclosed to defendants that he was a warden. He told the driver, Flanagan, that he had seen the light sweeping the side of the window and asked to look them over. None of the defendants said anything and before Olson had opened the door of their car he saw an electric lantern on the front seat and a gun on the floor in the back of the car. The gun was not knocked down nor in a carrying case. Olson opened the rear door and took out the gun. When he reached for the gun he noticed that there were blood and deer hair on the shoes of Mr. Wied. When Olson took the gun out of the car he placed all four defendants under arrest. He then asked Flanagan for the keys so he could open the trunk, but Flanagan unlocked the trunk himself. It contained a freshly killed buck deer which was still warm and the blood was running out. Olson also found a light in the back of the trunk of the type which is attached to a battery and used for shining deer. A hunting knife found in the glove compartment had deer hair and fresh blood on it.

On the trial in the circuit court defense counsel made timely objection to the introduction in evidence of all exhibits and the court reserved its ruling in each instance, as well as to the ruling on defendants' motion to suppress any evidence obtained in the search. The trial proceeded, and both the state and defense introduced all of their evidence and rested. On August 24, 1945, the trial court filed its decision sustaining

the defense contention that the search and seizure was unlawful. The court said:

"The motion to suppress the evidence obtained on the search is granted, and unless the district attorney has other or additional evidence to present, the action will be dismissed."

On August 30, 1945, the court entered the following order:

"It is ordered, that the defendants' motion to suppress the evidence is hereby granted.

"It is further ordered that the light and guns introduced in evidence belonging to the defendants shall be returned to them."

This appeal is from the foregoing order. While respondents have not moved to dismiss the appeal, it is obvious that the appeal must be dismissed. There is no order or judgment dismissing the action. The order merely grants the defendants' motion to suppress the evidence. Sec. 358.12, Stats., specifies the grounds on which a writ of error may be taken by and in behalf of the state in criminal cases. Sec. 358.13 provides for appeals in criminal cases as follows:

"In all cases in which a writ of error is authorized by law to be issued by the supreme court to review any judgment or order in a criminal case, the party entitled to obtain such writ, in lieu thereof, may take an appeal from such judgment or order to the supreme court to obtain such review. . . ."

The attempted appeal is not within any of the grounds specified for appeals in criminal cases. It must, therefore, be dismissed.

*By the Court.*—Appeal dismissed.