STATE, Plaintiff in error, vs. EVJUE, Defendant in error.

*March 11—April 12, 1949.*

584

For the plaintiff in error there were briefs by the *Attorney General* and *William A. Platz,* assistant attorney general, and oral argument by *Mr. Platz.*

*W. Wade Boardman* of Madison, for the defendant in error.

WICKHEM, J.    This appeal poses important questions dealing with the scope of sec. 8, art. I, of the constitution, which provides:

". . . no person for the same offense shall be put twice in jeopardy of punishment. . . ."

It also involves the proper interpretation of sec. 358.12 (8), Stats., which provides:

"A writ of error may be taken by and on behalf of the state in criminal cases: . . .

"(8) From rulings and decisions adverse to the state upon all questions of law arising on the trial, with the permission of the presiding judge, in the same manner and to the same effect as if taken by the defendant."

The state contends: (1) That the constitutionality of sec. 358.12 (8), Stats., was fully established by this court in *State v. Witte,* 243 Wis. 423, 10 N. W. (2d) 117; (2) that the state can appeal from a judgment of acquittal in any case where it attacks and seeks to have reviewed a ruling involving a question of law; (3) that the facts in this case being stipulated or undisputed the trial court was presented solely with a question of law as to the applicability of sec. 358.12 to the admitted facts.

Defendant contends: (1) That under sec. 8, art. I, Const., the legislature may not validly enact a statute permitting review on behalf of the state of alleged procedural errors where there has been a judgment of acquittal; (2) that in any case

the legislature may not authorize a review of the acquittal itself; and (3) that the evidence presented facts and inferences which would warrant the trial court in finding as a matter of fact that defendant had not violated sec. 348.412, Stats.

We are favored with able briefs setting forth the history of the early common-law rule against double jeopardy, as well as the background of the constitutional provisions relative thereto in the United States constitution and those of most of the states. After consideration we have concluded that an elaborate review of these authorities would not constitute the performance of a useful judicial service. For a general discussion of appeals by the state in criminal cases see Justin Miller, 36 Yale Law Journal, 486.

Our consideration of the constitutional aspects of the matter may well begin with the case of *State v. Lee,* 65 Conn. 265, 30 Atl. 1110. Connecticut had no constitutional provision specifically providing that no person shall twice be put in jeopardy of punishment. In 1886 the legislature had enacted a statute permitting the state to appeal. It was substantially similar to sec. 358.12 (8), Stats. In *State v. Lee, supra,* the supreme court of Connecticut held that the provisions of this statute did not violate the state constitution. The court held that the question as to what constitutes a trial depends upon the course of procedure of the particular jurisdiction in which it is had; that in the case of an appeal by the state there is but one jeopardy and one trial; that where material error is committed on a trial and a new trial is ordered by the appellate court upon the state's appeal, the second trial is not a new case but is a legal disposal of the same original case tried in the first instance. In the later case of *State v. Palko,* 122 Conn. 529, 191 Atl. 320, the court held that the statute did not deprive the defendant of due process of law and adhered to the doctrine of the *Lee Case* that the statute did not subject accused to double jeopardy.

In *State v. Witte,* 243 Wis. 423, 10 N. W. (2d) 117, the state by writ of error sought to review an order of the trial

court setting aside a verdict of guilty and discharging defendant. The writ was taken with the consent of the trial judge under sec. 358.12 (8), Stats., to review alleged errors one of which was the sufficiency of the evidence to sustain the finding of guilty. This court sustained the constitutionality of sec. 358.12 (8), against the contention that it violated sec. 8, art. I, of the constitution heretofore quoted. We held that jeopardy continues "until such time as a defendant has had a legal trial for the offense with which he is charged. To say that a defendant has been twice placed in jeopardy because he is required to stand a second trial when the first trial was not according to the law of the jurisdiction in which he was tried is contrary to sound reasoning." (p. 430.)

In brief, then, this court took a minority but liberal view of the meaning and content of jeopardy—a view strongly defended by the supreme court of Connecticut and which had the specific approval of Mr. Justice HOLMES expressed in a dissenting opinion in *Kepner v. United States,* 195 U. S. 100, 24 Sup. Ct. 797, 49 L. Ed. 114. Justice HOLMES argued that there is one continuing jeopardy in the case from beginning to end and that there is a distinction between a new and independent case and several trials in the same case. Such a view seems to have been impliedly approved by Justice CARDOZO in *Palko v. Connecticut,* 302 U. S. 319, 58 Sup. Ct. 149, 82 L. Ed. 288, and has been held by many legal writers. See 36 Yale Law Journal, *supra.* Since the decision in the *Witte Case* there have been several cases in this court dealing with appeals by the state under sec. 358.12 (8), Stats.

The case of *State v. Hanks,* 252 Wis. 414, 31 N. W. (2d) 596, needs no extended discussion because, so far as the bearing of the statute is concerned, it is almost precisely similar to *State v. Witte, supra,* that is to say, there was a conviction and the trial court thereafter set aside the verdict. In *State v. Jaskie,* 245 Wis. 398, 14 N. W. (2d) 148, there was a jury trial and a verdict of not guilty. A writ of error was taken to review the trial court's rulings adverse to the state in re-

spect of the admission of evidence and the giving of instructions.    The opinion contains no discussion of the right of the state to appeal and the matter was not raised or argued but the writ was entertained and the errors reviewed.    In *State v. Gibbs,* 252 Wis. 227, 31 N. W. (2d) 143, the trial court suppressed evidence claimed by defendant to have been obtained by game wardens in violation of his right to be free from unlawful search and seizure.    The trial court ruled in defendant's favor and this being the only evidence in the case tending to support the prosecution directed a verdict of acquittal and dismissed the action.    *State v. Flanagan,* 248 Wis. 406, 21 N. W. (2d) 638, involved an appeal by the state from an order of the trial court before jeopardy had attached suppressing certain evidence of game-law violations upon the ground that it was obtained by illegal search and seizure.    The first appeal was under sec. 358.12 (2), Stats., and was dismissed because the order was not appealable.    The second appeal was under sec. 358.12 (8), and was again dismissed, it being held that while that subsection permits the state to appeal from rulings and decisions it qualifies this by requiring that the appeal be taken "in the same manner and to the same effect as if taken by the defendant."    It was therefore held that since defendant could not appeal from anything but a final order or judgment the state was in the same position.    *State v. Flanagan,* 249 Wis. 521, 25 N. W. (2d) 111.    Upon remand the trial court adhered to its original ruling as to the unlawful search and seizure and, since this ruling eliminated all evidence tending to establish defendant's guilt, it entered judgment acquitting defendant.    Upon appeal this judgment was reversed upon the ground that the evidence was not obtained by unlawful search.    *State v. Flanagan,* 251 Wis. 517, 29 N. W. (2d) 771.    It is contended by defendant that while *State v. Witte, supra,* may have been correctly decided, the *Jaskie, Gibbs,* and *Flanagan Cases* erroneously apply the *Witte Case* in that they permit an appeal from a judgment of acquittal contrary to sec. 8, art. I, of the constitution relating to double jeopardy.

Without doubt, this court in *State v. Jaskie, supra,* did review a judgment of acquittal and considered whether the verdict had been induced by misdirection or the improper admission of evidence although the authority of this case is impaired by the fact that the point raised here was not argued to or considered by the court. The *Flanagan* and *Gibbs Cases* are not comparable to the *Jaskie Case.* There the ruling objected to by the state resulted in the suppression of all the state's evidence, and upon making the rulings the trial court in the one case directed a verdict of acquittal and in the other simply dismissed the action. The trial court in these two cases did nothing more than to discharge the inherent judicial function of appraising the evidence and dismissing the case where there was either no evidence of guilt at all or where the evidence would not sustain a jury's verdict. This situation is to be distinguished from one in which, upon all the evidence admitted, the trial court or the jury has considered the case upon its merits and has found defendant not guilty. It is the function of the trial court in a lawsuit, whether civil or criminal, to appraise the evidence at various intervals during the trial for the purpose of ascertaining whether it is sufficient to warrant submission to and consideration by the tribunal. Since there can be no direction of a verdict against defendant in a criminal case the trial court can direct a verdict only against the state. While there is much authority to the effect that such a direction terminates jeopardy as much as a jury's verdict, we think that is not true under the doctrine of the *Witte Case* and the subsequent Wisconsin cases, provided the continuity of the case is preserved by an appeal. Where the court exercises its function of determining that the evidence is not sufficient to submit to a jury it exercises a judicial function which is subject to review under sec. 358.12 (8), and this is true whether it dismisses the case or directs a verdict against the state. While it can be asserted with considerable force that the exercise of this function frequently involves determinations of issues of fact, courts generally consider that it con-

stitutes the determination of questions of law. Indeed, *State
v. Witte, supra,* in which the trial court set aside the verdict
of guilty as unsupported by the evidence is an example of this.

It is not necessary to consider whether the *Jaskie Case* cor-
rectly applied the rule of the *Witte Case* in permitting a review
where there had been a verdict of acquittal induced by alleged
misdirection or other errors of law on the part of the trial
court. Certainly, as the cases now stand it appears that such
judgments are reviewable, and this is in line with the funda-
mental doctrine of the *Witte Case* that the state is entitled to
a determination by the tribunal untainted by procedural error
and that there is no double jeopardy so long as the proceedings
are all in the same cause and are continuous. We need go no
further than to assume that the Wisconsin rule applies whether
a jury has convicted or acquitted defendant, so long as the trial
court has committed errors in the exercise of its judicial func-
tion of conducting the trial. This case presents a different
situation because here the trial court actually acquitted de-
fendant on the basis of the evidence submitted. Assuming
that an acquittal tainted with procedural errors may be re-
viewed there can be no review of the acquittal itself upon the
ground that it is against the law and the evidence. Thus, in
the case of a trial by jury and a verdict of acquittal where the
evidence of guilt is undisputed and unimpeached, and where
as a matter of law the evidence establishes guilt there can be
no review of the acquittal itself. This conclusion is not de-
pendent upon ascertaining whether questions of fact or law
were determined. The conclusion is arrived at by considering
the statute and the constitutional prohibition against double
jeopardy. The statute permits the state to appeal from rul-
ings and decisons. While we have held that as a procedural
matter the appeal must be from a judgment or appealable or-
der and not from rulings or decisions, it is the rulings and
decisions of the trial court in the course and conduct of the
trial that are actually to be reviewed and not the ultimate de-
cision of the tribunal.

To permit an appeal from the acquittal itself would violate the fundamental principles upon which the constitutional prohibition of double jeopardy is grounded and go much further than anything in the Connecticut or Wisconsin cases would justify. It is a defensible doctrine that the state is entitled to a determination untainted by procedural error and that the jeopardy of defendant continues so long as the proceedings including the new trial involved are part of a single cause. This recognizes the distinction between proceedings in the same action and the institution of separate and independent actions after one criminal action has been fully concluded and the remedy of appeal exhausted or the time for appeal elapsed. It is quite a different thing to permit the state to review an ultimate determination of acquittal. To do this would open the doctrine to all the evils sought to be obviated by the constitutional and common-law prohibitions against double jeopardy. The state could continue its appeals, if successful, until the ultimate decision of the tribunal was satisfactory to it and be in as advantageous position as though the proceedings were terminated and separate actions commenced. If, therefore, it appears that what is sought to be reviewed is not procedural error in the course of the trial but the ultimate determination of the tribunal to acquit, the review is not within the permission of the statute and if it were the statute would violate sec. 8, art. I, Const.

The next question is whether it makes a difference that the acquittal is by the trial court and not by the jury. We think that it does not. "In a trial before the court sitting by consent without a jury, it deals with the facts in all respects as a jury would do." *Tyson & Rawls v. Western Nat. Bank,* 77 Md. 412, 26 Atl. 520, 23 L. R. A. 161; *People v. Merrill,* 282 N. Y. Supp. 809, 156 Misc. 637; *Pepin v. State ex rel. Chambers,* 217 Wis. 568, 259 N. W. 410 (semble). In jurisdictions which apply the orthodox and stricter rule as to double jeopardy it has, indeed, never made any difference whether a jury acquitted upon submission or by direction of the trial

court or whether the trial court dismissed the prosecution for insufficient evidence. The rule of these cases applies the double-jeopardy doctrine to each of these instances. *State v. Taylor,* 180 Ark. 588, 22 S. W. (2d) 34; *People v. Murphy,* 280 N. Y. Supp. 405, 244 App. Div. 382; *Commonwealth v. Ramey,* 279 Ky. 810, 132 S. W. (2d) 342; *Kepner v. United States,* 195 U. S. 100, 24 Sup. Ct. 797, 49 L. Ed. 114. This much of the majority view has been modified by the *Witte Case* as indicated by the foregoing discussion but that is as far as the liberal doctrine followed in Wisconsin can justly be carried. We conclude that if the trial court, upon waiver of jury, considers the evidence and finds defendant not guilty this ruling may not be reviewed upon the ground that the ultimate determination was against the evidence or arrived at by an error of law. If, however, the error consists of rejecting all of the state's evidence so there is left no evidence of guilt, or if the trial court rules the evidence insufficient to support the finding of guilt and consequently declines either to consider the case on the merits or to submit it to a jury, the rulings are reviewable because the court acts, not as the ultimate tribunal deciding the case upon its merits, but as a trial court deciding procedural questions. This is the explanation of the *Gibbs* and *Flanagan Cases.* It is obvious that this court could not send a criminal case back to the judge with directions to make a finding of guilt any more than it could send the case back with directions that a jury be impaneled and so directed by the trial court.

In view of the foregoing it is necessary to consider what the trial court in this case actually did. It is clear that it actually found defendant not guilty. It heard the evidence, received the stipulations, recited at some length that it was its duty to find defendant innocent or guilty, and stated that it was satisfied that the evidence was not sufficient to warrant finding defendant guilty. It later filed a formal decision in which it specifically found defendant not guilty. From everything that the court said and did it is clear that it made an

ultimate finding of "not guilty." The only possible argument that could be made against this conclusion is that at one part of its oral statement the trial court said, "that the evidence is *insufficient* to justify this court in finding the defendant guilty." This, however, is not inconsistent with the intent and purpose to find defendant not guilty clearly disclosed by the oral and supplementary decisions. The trial court had before it all the evidence bearing on the information and made it as clear as it could that it found defendant not guilty upon the merits of the case submitted. The state contends that there were no issues of fact, no questions of veracity or credibility, and that the evidence in the record points conclusively to defendant's guilt. It is contended that defendant admitted the publication; that it is undisputed that the name of the female was published; that she was in fact raped; that while the word "rape" was not used, the word "assault" in the context of the article would convey to any person the intelligence that she had been raped; that none of the exceptions or limited applications of the statute urged by defendant could be recognized without judicially amending the statute. It is claimed that the fact that the rape was a part of a series of events, the principal one of which was murder, and that it constituted the motive for the murder does not bring the case within any statutory exception; that the fact that other newspapers published the identity of the victim does not excuse defendant; and that the fact that the girl's name was published in newspapers circulating in the vicinity of her home and of the university which she attended is no defense under the statute. It is asserted that while several of the foregoing matters set up as defenses might properly be addressed to the legislature or to the sentencing or pardoning powers they have no bearing upon defendant's guilt.

If we were in a position to review the merits of the disposition below, we would be required to hold that no questions of fact were involved there; that defendant's guilt was established in fact and in law; and that the decision could only have been

the result of a mistake of law by the trial court. As indicated by the foregoing discussion we consider it immaterial whether the trial court erred in point of fact or of law provided it actually acquitted defendant upon the evidence submitted.

In view of the clearness with which the trial court demonstrated its purpose and intent to acquit, the circumstance that there were no issues of fact in the case will not warrant a conclusion that the court's error was procedural and bring into operation the rule of *State v. Gibbs* and *State v. Flanagan, supra*. We consider that this court has no power under the statute or constitution to review the merits of the acquittal or to reverse the judgment.

We appreciate that this conclusion puts out of the reach of an appeal by the state purely arbitrary findings of not guilty by trial judges in the face of the facts and the law but we are confident that instances of this sort will be rare. In any case neither the statute nor the constitution authorizes intervention by this court and the matter must therefore rest with the conscience of the trial judge in the light of his oath of office. We are satisfied that upon waiver of a jury trial his decision stands upon the same footing as the verdict of a jury. In the latter connection see *Schmidt v. State,* 159 Wis. 15, 149 N. W. 388.

*By the Court.*—Writ dismissed.

Hughes, J. (*concurring*). In the instant case the defendant entered a plea of not guilty. At the time the plea was originally entered, however, it was made clear that the defendant had in fact performed acts which constituted a violation of the statute. The defendant not only admitted such acts, but admitted that he had wilfully violated the law because it was unconstitutional.

When the statute was determined to be constitutional the guilt of the defendant upon the facts was perfectly clear.

In *Schmidt v. State* (1914), 159 Wis. 15, 21, 149 N. W. 388, this court held that it was not error for the trial court to instruct:

"The jury have the power, if they see fit, to acquit the defendant of all crime, but in case you should do so you would disregard the undisputed facts and the law applicable to this case."

I am satisfied that the trial court, where a jury is waived, has the same inherent power to disregard the law and facts as has a jury. However, I am of the opinion this court has the duty of pointing out that the exercise of such power by a court is more reprehensible than the exercise of such power by a jury.

The defendant having been once in jeopardy, his discharge by the trial court is final.

MARTIN and BROADFOOT, JJ., took no part.