George T. Vandermeulen, J.
The defendants were tried in the City Court of Buffalo on March 29, 1956 under an information charging them with refusing to obey an officer of the City .of Buffalo in the discharge of his duties in violation of chapter IX of section 24 of the Ordinances of the City of Buffalo. When the prosecution rested its case, the court denied the defendants’ motion to dismiss the information, whereupon the defendants proceeded to call various witnesses. While one of the defendants was testifying and before completion of his direct examina *552 tion, the court dismissed the case, saying: “because I think Nikiel and Wagner here didn’t wish to cause any disturbance to the Police Department and weren’t disrespectful to the Police Department. I think they did it under the color that they owned the property so I am going to dismiss all cases on the .basis of reasonable doubt.”
The People of the City of Buffalo appeal, claiming section 76 of the City Court Act of Buffalo (L. 1909, ch. 570, as amd.) authorized such an appeal. Section 76 of the act provides (as amd. by L. 1951, ch. 653): “In addition to any other right of appeal provided by law, an appeal to the supreme court of Erie county may be taken by the people of the state of New York or the city of Buffalo or any governmental subdivision of said state appearing as complainant in an action of a criminal nature involving the alleged commission by the defendant of a criminal offense less than a felony, infractions, including violations of the ordinances of the city of Buffalo, in substantially the same manner as above provided for appeals by the defendant after judgment of conviction. The acts and procedure required of a defendant to pursue and perfect his appeal shall be construed to apply in a similar but reversed manner to a complainant appellant. Such an appeal may be taken by such complainant in the following cases: * * * 3. From an order of the court made at any stage of the action setting aside or dismissing the information or complaint or summons or action on a ground other than the insufficiency of the evidence adduced at the trial. * * * 5. In all cases where an appeal may be taken by the defendant, except where a judgment of not guilty has been rendered.”
The parties address their arguments, not to the merits of the appeal, but rather to the question of whether the People have any right to appeal.
It has repeatedly been held that the appellate jurisdiction of the courts of this State in criminal cases is purely statutory, and, of course, such jurisdiction can never be assumed unless ,a statute can be found which expressly sanctions its exercise. (People v. Zerillo, 200 N. Y. 443.)
The only statutory authority for this appeal by the People is contained in section 76 of the Buffalo City Court Act quoted above, which is almost identical with the language of the provisions of section 518 of the Code of Criminal Procedure applicable generally to appeals by the People.
Subdivision 3 authorizes the People to appeal from an order dismissing the information “ on a ground other than the insufficiency of the evidence adduced at the trial ”, As I understand *553 it, the purpose of this enactment as contained in section 518 of the Code of Criminal Procedure was to permit an appeal by the People from a dismissal granted as a matter of law. It would not allow an appeal from an order for reasons connected with the weight or sufficiency of evidence. Apparently, the trial court’s disposition of the case was made, not as a matter of .law, but rather because of the insufficiency of the evidence to support the charge, for the case was dismissed on the basis of a reasonable doubt which appears to me to be tantamount to a judgment of acquittal based upon the insufficiency of the evidence to prove the defendants’ guilt beyond a reasonable doubt. Therefore, on this ground there is no basis for the appeal by the People to this court.
Subdivision 5 of section 76 of the Buffalo City Court Act is also relied on by the People as statutory authority for their appeal in this case. That subdivision authorizes an appeal by the People in all cases wherein appeal may be taken by the defendant. It has been held by the Court of Appeals (People v. Reed, 276 N. Y. 5) in construing similar language contained in section 518 of the Code of Criminal Procedure that this language grants no right at all. The defendant may appeal only from a judgment of conviction and the language of this section, which also permits the People to appeal from a judgment of conviction means nothing, since the People would have no occasion to appeal from such disposition of the case.
As to the question of jeopardy, it is my opinion, based upon the authorities hereafter referred to, that the trial of the defendants in City Court had progressed beyond the point where they had been placed in jeopardy. Consequently the courts are ousted of any jurisdiction to direct the retrial of the defendants on the same charge, under the provisions of section 6 of article I of the New York State Constitution, which states: “ No person .shall be subject to be twice put in jeopardy for the same offense ”.
The rule is thus stated in the case of People v. Goldfarb (152 App. Div. 870, 874) in which the learned court said: “ I am of the opinion that it is the well-settled rule that where a person is arraigned on a criminal charge, and required to go to trial before a court of competent jurisdiction, unless the trial is terminated by disagreement of the jury, or their discharge pursuant to law, or by the consent of the accused, or through extreme or absolute necessity, as by illness or death, he has been put in jeopardy and cannot be prosecuted again in the same or another court on the same charge ”. This case was affirmed (213 N. Y. 664).
*554 The fact that the court may have erred in discharging the defendant does not change the situation. The courts have uniformly held that even though the court errs in directing an acquittal, the defendant cannot be subsequently tried on the same charge,. (People v. Merrill, 156 Misc. 637, and the cases cited therein.)
As to the point in the trial when jeopardy attaches, the Court of Appeals has said in People ex rel. Meyer v. Warden (269 N. Y. 426, 428, 429): ‘‘ The general rule in this State is that if the court has jurisdiction and all prior proceedings are valid, a prisoner is placed in jeopardy when he has been arraigned and pleaded to a valid charge, a jury has been examined and sworn, and evidence given. * * * It is not necessary in order that a person may avail himself of the constitutional right not to be placed twice in jeopardy for the same offense that the prior trial shall have resulted in a valid judgment either of conviction or of acquittal. It is sufficient if the prisoner was actually placed in jeopardy in that he was in danger of having a valid judgment pronounced as the result of the trial. It is not the verdict or judgment which places a prisoner in jeopardy. If a court proceeds illegally after a prisoner has been placed in jeopardy its illegal act cannot nullify the jeopardy. (See, also, to the same effect People v. Pearl, 272 App. Div. 563; People ex rel. Pulko v. Murphy, 244 App. Div. 382.)
The appeal is dismissed.
Submit order.