STATE, Appellant, v. GECHT, Respondent.

*September 7—October 2, 1962.*

For the appellant the cause was argued by *William A. Platz,* assistant attorney general, and *Richard B. Surges,* assistant district attorney of Milwaukee county, with whom on the briefs were *John W. Reynolds,* attorney general, and *William J. McCauley,* district attorney of Milwaukee county.

For the respondent there was a brief and oral argument by *Daniel D. Sobel* of Milwaukee.

WILKIE, J. The most-important question raised by this appeal is whether or not the defendant would be subjected

to double jeopardy by a review of the lower court's decision in this case. Sec. 8, art. I of the Wisconsin constitution provides: ". . . no person for the same offense shall be put twice in jeopardy of punishment." The constitutional guaranty protecting a person from double jeopardy is one of the most-fundamental rights in our society. This court will do all in its power to uphold that guaranty. However, the constitutional guaranty against double jeopardy does not mean that in every situation the supreme court of this state is precluded from reviewing errors of law committed by the lower court wherein a defendant is acquitted of a criminal charge. Our state has long had a specific statute where, with discretionary leave by the trial court, the state, under prescribed circumstances, may timely appeal from a judgment of acquittal. The statute, sec. 958.12 (1) (d), provides for appeal by the state in the following situation among others:

"Judgment adverse to the state, upon questions of law arising upon the trial, with the permission of the trial judge, in the same manner and with the same effect as if taken by the defendant. A judgment acquitting the defendant of all or part of the charge shall be deemed adverse to the state."

The instant case involves an interpretation of this statute in the light of the constitutional guaranty against double jeopardy.

The leading Wisconsin cases, discussing the right of the supreme court to review errors of law committed by trial court, are: *State v. Kennedy* (1962), 15 Wis. (2d) 600, 113 N. W. (2d) 372, and *State v. Evjue* (1949), 254 Wis. 581, 37 N. W. (2d) 50. In the *Kennedy Case, supra,* this court held the state has the right to appeal from a judgment rendered by a trial court if, during the course of the trial, there were errors of law committed by the trial court. The error of law appealed from was a directed ver-

dict of acquittal rendered by the trial court where the trial court determined that sec. 943.10 (1), Stats. 1959, is not applicable to the entry of a public building (*i.e.,* school building) and that the state had failed to introduce sufficient evidence that Kennedy had entered the building with intent to steal. In this court's ruling, concluding that this error was reviewable, the court stated, at page 609:

"We find no infirmity in the theory that where the continuity of the proceedings is preserved by timely motions and appeals, subjecting the defendant to a second trial by reason of errors in the first trial is not placing him in new and second jeopardy nor in the reasoning that the ruling of a court upon the sufficiency of evidence to go to the jury or sustain a verdict is a ruling upon a question of law reviewable upon the state's appeal from a judgment of acquittal, with the permission of the trial judge."

. In the *Evjue Case, supra,* we held that the state is precluded from a review where there are no claimed errors of law committed during the course of the trial and where the error sought to be reviewed was the lower court's ultimate determination, as the trier of fact, of simply "not guilty." In the instant case the trial court, in rendering his ultimate decision of "not guilty," stated the reasons for his decision.

The court declared:

"2. The final issue for determination is one within the province of the court, whether the evidence as presented is sufficient to find the defendant guilty, beyond all reasonable doubt, in manner and form as stated, of violating 66.054 (8a) (c) of the state statutes.

"Certain facts have suggested themselves from the evidence, some few others are obscure.

"I understand that business credit of goods sold requires more attention than simply the issuance of a check if any control is to be exercised over the sale by the retailer and a profit realized; surely he must check the delivery or have it checked, stored, or inventoried, survey future needs

while this operation is going on. Therefore, the court was very interested in all the facts which testimony developed.

"(1) Abraham Gecht is holder of a Class 'A' retailer's license, operating under the name of 'White Manor Liquor Store,' at 5031 West Oklahoma Avenue, and that if I understand correctly, there are two such stores operated by the defendant, that investigators have observed three persons with duties about the licensed premises besides himself and refer to a fourth, a bookkeeper.

"(2) It is obvious that the defendant's mode of purchase was credit and of payment by check tendered to salesmen of the wholesaler who frequented the establishment for orders. It is further obvious that the making out of the check immediately was an expedient to secure each transaction before the invoices were disarranged or mislaid through handling by other employees (bookkeeper, stock boy, etc.).

"(3) It is further obvious that this practice of doing business was known to the Department of Taxation and was not challenged until after the warrant was issued, as far as the defendant's knowledge of their attitude was concerned anyway.

"(4) There is evidence to show an earlier investigator, Mr. Richter, had informed the defendant's son, David, and Harold Anderson, manager of the two stores, that the method used was not in compliance with the beer-credit law, but no one that we have heard of told the defendant until after the warrant was issued.

"(5) The records alluded to, but not submitted into evidence, suggests, we understand, that other transactions were made between parties to the instant transactions, but there were no indications of payment or nonpayment on such invoice, and admittedly some of these were paid.

"(6) There apparently was a continuing account on the part of the defendant with certain wholesalers, and therefore some confusion might be expected, and especially if the checks of the defendant would have to pass through many hands before being duly credited.

"(7) Finally, some aspects of a technical violation are admitted by the defense, but such admissions, except that they indicated a clear intent on the part of the defendant, do

not impose in favor of a finding of guilty. The only true bases on which the court could conclude evidence beyond a reasonable doubt are two: (1) If the court should find that the defendant conspired to violate the law, and (2) if the court should find as principal he was responsible for the acts or omissions of his agents properly qualified to transmit information to him regarding certain demands of the department and to see that such requirements were carried out. No evidence appears of record that any writing or other order from the department to the defendant, calculated to give him actual notice of improper record keeping, was shown.

"Therefore, it is the judgment of this court that the state has not sustained the burden of proof and the court therefore finds the defendant not guilty in manner and form as charged in the complaint, and the case is ordered dismissed."

The precise decision of the court is quoted at length principally to show that the trial court was ruling in his capacity as trier of fact and also as trial judge. The state contends that the trial court committed errors of law in determining that the state had to prove (1) actual intent by the defendant to violate the law, and (2) knowledge by the defendant that his bookkeeping methods were faulty. The trial judge assumed the beer-credit law to be constitutional.

Where the trial court expressly disposes of the whole case and enters judgment of acquittal on a pure determination that the statute or administrative rule under which a defendant is charged is unconstitutional, as in *State v. Herwig,* ante, p. 442, 117 N. W. (2d) 335, the alleged error is on a question of law committed upon the trial which error may be raised by the state on an appeal taken under sec. 958.12 (1) (d), Stats. 1959, where prior permission for such appeal is granted by the trial judge.

Where the trial court acts both as jury and trial judge, and he makes an ultimate determination of not guilty and where it is clear that he is speaking as trier of fact, it clearly

would be double jeopardy to permit an appeal under sec. 958.12 (1) (d), Stats. 1959. *Evjue Case, supra.*

Where the trial court makes an ultimate determination of not guilty and where, as here, there is no claim of procedural error against the state during the course of trial but where, as here, the trial court in making his ultimate determination does so principally in his capacity as the trier of fact, then any errors on questions of law announced by the court that may have been a basis for his decision are not reviewable. In appraising the lower court's determination, any doubts as to whether the trial court is acting in the capacity of trier of fact are to be resolved in favor of the defendant. Only in this way will he be assured the protection that the constitutional guaranty against double jeopardy provides.

In the instant case the trial court was ruling principally in his capacity as trier of fact and since for that reason his determination is not reviewable here we are not required to pass on the two additional elements that the state contends the trial court erroneously required the state to prove to win a conviction. Neither do we pass on the constitutionality of the beer-credit statute.

We appreciate that this conclusion not only prevents an appeal to this court from an arbitrary finding of not guilty by trial judges in the face of the facts and the law, see *Evjue Case, supra,* but also prevents an appeal where the trial judge, in making what must be construed as his final findings of fact, then acts partly on the basis of what may later be determined as errors of law. We are satisfied that instances of this sort will be rare and that trial judges, in the exercise of their office, will protect the state's desire for a fair and complete first trial of the defendant.

*By the Court.*—Appeal dismissed.

CURRIE, J. (*concurring*). This court has held that the prohibition against double jeopardy found in sec. 8, art. I,

Wis. Const., does not bar review of errors prejudicial to the state resulting in accused's acquittal or dismissal. This is clear from the statement appearing in *State v. Witte* (1943), 243 Wis. 423, 430, 10 N. W. (2d) 117: "To say that a defendant has been twice placed in jeopardy because he is required to stand a second trial when the first trial was not according to the law of the jurisdiction in which he was tried is contrary to sound reasoning." Neither the constitutional prohibition against double jeopardy nor public policy requires that a restrictive meaning be accorded the phrase "upon questions of law arising upon the trial" appearing in sec. 958.12 (1) (d), Stats., so as to defeat the right of the state, with permission of the trial judge, to review of alleged errors of law, procedural or substantive, resulting in accused's acquittal or dismissal of the action.

Where the trial judge sitting without a jury makes a final determination which frees the accused, such determination occurs "upon the trial;" in fact it is part of the trial. Therefore, I disagree with the court's language in *State v. Evjue* (1949), 254 Wis. 581, 591, 37 N. W. (2d) 50, which implies that error by the trial court sitting without a jury must occur prior to its ultimate determination of acquittal in order to be reviewable under sec. 958.12 (1) (d), Stats.

If a trial judge, sitting without a jury in a criminal case, splits his final determination of acquittal by (1) stating reasons of law in a memorandum opinion why the accused must be acquitted, and (2) thereafter entering judgment of acquittal, such reasons of law, which form the basis for acquittal, are reviewable under sec. 958.12 (1) (d), Stats. This situation is illustrated by *State v. Herwig,* ante, p. 442, 117 N. W. (2d) 335. There the trial judge by memorandum opinion held unconstitutional an administrative rule having the effect of a criminal statute, under which defendant was prosecuted, and thereafter entered a judgment of acquittal.

Similarly, assume that the instant appeal involved a memorandum opinion by the trial judge in which he found that defendant Gecht must be acquitted because the state failed to meet its burden of proof under sec. 66.054 (8a) (c), Stats., which the court interpreted to require proof of intent to violate and prior notification by the state to defendant that his method of payment violates the statute. Assume further that such a memorandum opinion was followed by a separate judgment of acquittal. Under these assumed facts, I am confident that a majority of this court would uphold the right of the state to review of the trial court's interpretation of the statute.

If the trial court, in its ultimate judgment of acquittal, states as the sole basis for the acquittal the fact that there are reasons of law, which compel the result, the state should not be precluded from having a right to have a review of the correctness of these reasons of law assigned by the trial court. However, any intimation in the reasons assigned for acquittal that the trial court is also making a factual determination of not guilty would destroy such right of review because jeopardy would have attached.

Thus the controlling factor is not whether the alleged error of law sought to be reviewed by the state occurs prior to the actual acquittal, but whether the determination of acquittal is subject to the interpretation or inference that it is at least in part grounded upon a factual determination equivalent to a jury's verdict of not guilty. In case of doubt, the doubt should be resolved in favor of the defendant and jeopardy should be held to have attached, if the record is free from error prejudicial to the state up to the time of the trial court's ultimate determination.

Therefore, I join in the opinion of the court by Mr. Justice WILKIE because of the ambiguity in the trial court's final determination. It contains a statement to the effect

that, on the facts presented, the trial court grants acquittal on the merits.

GORDON, J. (*concurring*). I fully agree with the conclusion that the appeal must be dismissed. This concurring opinion is designed to emphasize what I perceive to be the scope of sec. 958.12 (1) (d), Wis. Stats., in light of the constitutional restriction imposed by sec. 8, art. I of the Wisconsin constitution. This constitutional clause provides that "no person for the same offense shall be put twice in jeopardy of punishment." The statute permitting appeals by the state has been held constitutional in *State v. Witte* (1943), 243 Wis. 423, 10 N. W. (2d) 117.

The provision of the United States constitution prohibiting second jeopardy is a limitation only on the power of the federal government and does not bind the states. *Brock v. North Carolina* (1953), 344 U. S. 424, 73 Sup. Ct. 349, 97 L. Ed. 456. Therefore, unless there is a violation of due process, the breadth of sec. 958.12, Wis. Stats., is to be tested only under the terms of the Wisconsin constitution.

In my opinion, Mr. Justice WICKHEM thoughtfully analyzed the extent of the state's statutory right to appeal in *State v. Evjue* (1949), 254 Wis. 581, 37 N. W. (2d) 50. The following portions of that opinion are significant to an understanding of the relationship of the constitutional clause and the statute:

"Thus, in the case of a trial by jury and a verdict of acquittal where the evidence of guilt is undisputed and unimpeached, and where as a matter of law the evidence establishes guilt there can be no review of the acquittal itself. This conclusion is not dependent upon ascertaining whether questions of fact or law were determined. [p. 590.]

"If, therefore, it appears that what is sought to be reviewed is not procedural error in the course of the trial but the ultimate determination of the tribunal to acquit, the

review is not within the permission of the statute and if it were the statute would violate sec. 8, art. I, Const. [p. 591.]

"We conclude that if the trial court, upon waiver of jury, considers the evidence and finds defendant not guilty this ruling may not be reviewed upon the ground that the ultimate determination was against the evidence or arrived at by an error of law. If, however, the error consists of rejecting all of the state's evidence so there is left no evidence of guilt, or if the trial court rules the evidence insufficient to support the finding of guilt and consequently declines either to consider the case on the merits or to submit it to a jury, the rulings are reviewable because the court acts, not as the ultimate tribunal deciding the case upon its merits, but as a trial court deciding procedural questions. [p. 592.]

". . . we consider it immaterial whether the trial court erred in point of fact or of law provided it actually acquitted defendant upon the evidence submitted. [p. 594.]"

I have misgivings about the use of the words "procedural error." Whether the error is procedural or substantive, it should be reviewable if committed before the trier of fact addresses himself to the "ultimate determination." It is not easy to determine when an error is committed "upon the trial" or occurs during "the ultimate determination of the tribunal to acquit." Perhaps the standards for review of a criminal case at the instance of the state may be better understood from the six examples which follow. Of course, each appeal requires the discretionary permission of the trial court.

1. In a trial to the jury, an order for a directed verdict of acquittal may be reviewed. This is what occurred in *State v. Kennedy* (1962), 15 Wis. (2d) 600, 606, 113 N. W. (2d) 372. It is reviewable because the direction of a verdict constitutes a ruling as a matter of law that there is nothing upon which the trier of fact may act.

2. In a trial to the jury, an order setting aside a verdict of guilty may be reviewed. This is what occurred in *State v. Witte, supra.* This, like the previous example, is

reviewable because the court in setting aside a verdict is ruling on the merits as a matter of law, without acknowledgment of any role for the trier of fact.

3. In a trial to the court, without a jury, if there is an unadorned, unexplained finding of not guilty by the judge, review may not be had. Such a finding is comparable to the jury's verdict of not guilty and neither conclusion may be appealed.

4. In a trial to the court, without a jury, if there is a finding of not guilty based solely upon the court's avowed refusal to examine the facts of the case, review may be had. Thus, an appeal would lie if the trial judge determined that the statute supporting the charge was unconstitutional. This would be an example of the court's "rejecting all of the state's evidence," as Mr. Justice WICKHEM put it at page 592 in the *Evjue Case.*

5. In a trial to the court, without a jury, if there is a finding of not guilty based *in any degree* upon the judge's application of the law to the facts of the case, review may not be had even if the judge expressly or impliedly misconstrues the law or patently ignores it. This would be "an ultimate determination" even though it may embody an error of law. This is the situation which prevailed in the case of *State v. Evjue, supra.*

6. In a trial to the court, without a jury, if it is not clear whether the judge based his finding of not guilty on a challenged issue of law or, on the other hand, based it upon the facts of the particular case, such finding is not subject to appeal by the state. This would appear to be the resultant rule from the case at bar. Thus, if there is uncertainty as to whether the trial judge made a finding of not guilty based upon a dubious proposition of law or, on the contrary, was making an ultimate determination on the facts of the case before him, it will be presumed to be the latter and not be reviewable. Any doubts, as the court's

opinion puts it, "are to be resolved in favor of the defendant."

Perhaps these comments will make it somewhat easier for counsel to understand when there can be an appeal on the part of the state within the framework of the constitutional barrier.

I am authorized to state that Mr. Justice DIETERICH joins in this concurring opinion.