STATE of Wisconsin, Plaintiff-Respondent-Cross Appellant,†

v.

James D. NEWMAN, Defendant-Appellant-Cross Respondent.††

Court of Appeals

*No. 89–1669–CR. Submitted on briefs April 3, 1990.—Decided July 24, 1990.*

(Also reported in 459 N.W.2d 882.)

† Petition to review granted.

†† Petition to cross-review denied.

For defendant-appellant-cross respondent there were briefs by *Waring R. Fincke* of *Dvorak & Fincke, S.C.,* Milwaukee.

For plaintiff-respondent-cross appellant there were briefs by *Donald J. Hanaway* and *Thomas J. Balistreri, Wisconsin Department of Justice,* Madison.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   James D. Newman moves to dismiss the state's cross-appeal of an order dismissing two of the five counts in the criminal information dealing with securities fraud violations. The state contends that it has a statutory right to appeal because: (1) the language of sec. 974.05(2), Stats., allows the state to cross-appeal an acquittal on one count whenever a defendant appeals a conviction on another count in the same proceeding; and (2) even if analyzed as a direct appeal of a final judgment or order adverse to the state under sec. 974.05(1)(a), the acquittal is appealable because the double jeopardy restrictions of that section do not apply to the judgment and order of the trial court here. We conclude that sec. 974.05(2) limits the state's right to appeal "rulings of which it complains" to ruling on the same count or counts appealable by the criminal defendant. We further conclude that sec. 974.05(1)(a) provides the state with a

limited statutory right of appeal in a criminal matter that allocates the state the burden of proving its standing to appeal, and that the state here has failed in that burden. We therefore grant Newman's motion to dismiss the state's cross-appeal.

At trial, Newman was charged with one count of theft by a bailee and four counts of securities law violations. Newman waived his right to a jury trial. The trial court entered a judgment of guilty on the count of theft and two of the four counts of securities law violations and entered a judgment of not guilty on the two remaining counts. Newman appealed his convictions, and the state cross-appealed Newman's acquittal on one of the two remaining counts. This court addressed Newman's appeal of his convictions in a separate unpublished opinion. *State v. Newman,* No. 89–1669–CR, unpublished slip op. (Wis. Ct. App. July 24, 1990) (per curiam).

The state's statutory right to appeal judgments or orders in criminal matters is found in sec. 974.05, Stats., which states in part:

(1)   [A]n appeal may be taken by the state from any:

(a)   Final order or judgment adverse to the state made before jeopardy has attached or after waiver thereof or after the setting aside of a verdict of guilty or finding of guilty, whether following a trial or a plea of guilty or no contest.
         . . ..

(2)   If the defendant appeals or prosecutes a writ of error, the state may move to review rulings of which it complains, as provided by s. 809.10(2)(b).

As a threshold question, we address the state's contention that sec. 974.05(2), Stats., authorizes the state to cross-appeal an acquittal on any count whenever a criminal defendant appeals a conviction on any other count in

441

the same proceeding. The state argues that its right to appeal exists irrespective of any jeopardy limitations on direct appeals in sec. 974.05(1)(a). We do not agree.

The issue is whether the language in sec. 974.05(2), Stats., allowing the state the right to cross-appeal "rulings of which it complains" exists independently of the restrictions on double jeopardy in sec. 974.05(1)(a). The state's right to cross-appeal is addressed in *State v. Alles,* 106 Wis. 2d 368, 387–88, 316 N.W.2d 378, 382 (1982) (state's right to cross-appeal not confined to a final judgment or order) and *State ex rel. Steffes v. Risjord,* 228 Wis. 535, 540, 280 N.W. 680, 683 (1938) (right to cross-appeal discussed in dicta), but neither decision guides us with respect to the issue raised by the state here.

The construction of a statute is a question of law. *In re F.E.W.,* 143 Wis. 2d 856, 860, 422 N.W.2d 893, 895 (Ct. App. 1988). Generally, where a statute is plain and unambiguous, the plain meaning must be given to the statute. *Id.* A statute is ambiguous if reasonable persons could disagree as to its meaning. *Id.* "[S]ections of statutes relating to the same subject matter must be construed *in pari materia."* *Gottfried, Inc. v. DOR,* 145 Wis. 2d 715, 720, 429 N.W.2d 508, 510 (Ct. App. 1988). We conclude that these statutes are ambiguous as they relate to one another because it is unclear whether the restriction contained in sec. 974.05(1)(a), Stats., applies to the state's right of cross-appeal granted in sec. 974.05(2).

If a statute is ambiguous, we must utilize intrinsic and extrinsic aids to determine legislative intent. *Hainz v. Shopko Stores,* 121 Wis. 2d 168, 173, 359 N.W.2d 397, 400 (Ct. App. 1984). One such aid in determining legislative intent is our state constitution. "[I]t is the duty of courts to construe statutes reasonably so as not to

deprive citizens of important rights." *State ex rel. Brookside Poultry Farms v. Jefferson County Bd. of Adjustment,* 125 Wis. 2d 387, 395, 373 N.W.2d 450, 454 (Ct. App. 1985), *aff'd,* 131 Wis. 2d 101, 388 N.W.2d 593 (1986).

Article I, sec. 8, of the Wisconsin Constitution contains a guarantee of protection against double jeopardy. It states, in pertinent part: "No person may be held to answer for a criminal offense without due process of law, and no person for the same offense may be put twice in jeopardy of punishment." We recognize that there is a distinction between a state's right to appeal and its right to retry a criminal defendant, but to grant the former without the latter would be to confer a meaningless right. We decline to interpret sec. 974.05(2), Stats., so as to remove double jeopardy protections whenever a criminal defendant appeals part of a judgment. We interpret sec. 974.05(2) to embody the constitutional prohibition against double jeopardy in the absence of a clear legislative intent to deprive the appealing defendant of this protection. We do not address the issue of whether a contrary construction of this statute would be constitutional.

We hold that the language of sec. 974.05(2), Stats., affording the state the right to cross-appeal "rulings of which it complains" is limited to rulings on the same count or counts appealed by the criminal defendant. As to any other count of which the defendant is acquitted in the same proceeding, the state's right to appeal is circumscribed by sec. 974.05(1)(a), allowing appeal "before jeopardy has attached or after waiver thereof or after the setting aside of a verdict of guilty or finding of guilty, whether following a trial or a plea of guilty or no contest."

443

This holding is in keeping with the principle of statutory construction that "statutes dealing with the same subject matter are to be harmonized so that each is given full force and effect." *State v. Hagaman,* 133 Wis. 2d 381, 384, 395 N.W.2d 617, 618 (Ct. App. 1986). To give full force and effect to the double jeopardy restrictions in sec. 974.05(1)(a), Stats., we must interpret the term "rulings of which it complains" in sec. 974.05(2) to be limited to rulings not otherwise addressed in sec. 974.05(1)(a).

In addition, we note that our conclusion is supported by another canon of statutory construction, that statutes "should be construed to reach their common sense meaning and to avoid unreasonable and absurd results." *State v. Britzke,* 108 Wis. 2d 675, 681, 324 N.W.2d 289, 291 (Ct. App. 1982), *aff'd,* 110 Wis. 2d 728, 329 N.W.2d 207 (1983). The drafting of a criminal information represents an exercise in prosecutorial discretion. *See* sec. 971.01, Stats. Subject to the trial court's review of issues of prejudicial joinder, sec. 971.12(3), the prosecutor may design a complaint to include a variety of counts against a single defendant. Sec. 971.12(1), Stats. Were we to adopt the state's construction of sec. 974.05(2), the state could avoid the restrictions of sec. 974.05(1)(a) by exercising its right to join independent offenses in the same proceeding. The state's right of appeal would be unlimited at any time a criminal defendant undertook an appeal. The double jeopardy restrictions of sec. 974.05(1)(a), embodying a constitutionally guaranteed protection could thereby be rendered meaningless.

The state next contends that the order from which it appeals was entered by a trial court acting in its role as

arbiter of law. The state argues that it has a statutory right to directly appeal Newman's acquittal on this count because the trial court here made findings of fact that were "tantamount to" a finding of guilty, but then entered an acquittal attributable to an erroneous conception of law. In the state's view, this fits within the plain language of sec. 974.05(1)(a), Stats., permitting the state to appeal from final orders or judgments adverse to the state "made before jeopardy has attached or after waiver thereof or after the setting aside of a verdict of guilty or finding of guilty, whether following a trial or a plea of guilty or no contest."

The state's statutory right to appeal a criminal matter is clearly delineated in Wisconsin case law. As such, we need not resort to any federal sources cited by the state, but can rely on our own controlling precedent. If the ruling of which the state complains is one where the trial court was acting as arbiter of the law, the state can appeal without offending principles of double jeopardy. *State v. Holmstrom,* 43 Wis. 2d 465, 476, 168 N.W.2d 574, 580 (1969); *State v. Fleming,* 38 Wis. 2d 365, 367–68, 156 N.W.2d 485, 486–87 (1968); *State v. Evjue,* 254 Wis. 581, 591–92, 37 N.W.2d 50, 54–55 (1949). If, on the other hand, the trial court's ruling is made principally in its role as trier of fact, double jeopardy principles preclude the state from appealing. *State v. Gecht,* 17 Wis. 2d 455, 461–62, 117 N.W.2d 340, 344 (1962); *Evjue,* 254 Wis. at 592, 37 N.W.2d at 55. Where the trial court makes an ultimate determination of not guilty while acting primarily in its role of trier of fact, any errors on questions of law announced by the court that may have been a basis for its decision are not reviewable. *Gecht,* 17 Wis. 2d at 462, 117 N.W.2d at 344.

Wisconsin case law further holds that "any doubts as to whether the trial court is acting in the capacity of trier of fact are to be resolved in favor of the defendant." *Id.* We interpret this holding as assigning to the state the burden of proving that the trial court in a given case was ruling on a matter of law and not acting principally as trier of fact before it can assert standing to appeal under sec. 974.05, Stats.

■■■

The record before us is unclear. The trial court here discussed the various elements of the securities law violation at issue and addressed the possibility that an appellate court might find its analysis of the applicable law incorrect. In both of these instances, it was addressing matters of law. But the trial court also made extensive findings of fact with respect to the existence of each element of the offense, and at the conclusion of this analysis found Newman "not guilty" rather than dismissing the charge against him. These actions appear to be those of a trier of fact. Our standard of review is one that allocates to the state the burden of proving standing to appeal. Given the ambiguity of the record, the state has failed in its burden of proving standing to appeal under sec. 974.05, Stats. Accordingly, we grant Newman's motion to dismiss the state's cross-appeal.

*By the Court.*—Judgment dismissed.