STATE, Appellant, v. FLEMING, Respondent.

*February 2—February 27, 1968.*

For the appellant the cause was argued by *LeRoy L. Dalton,* assistant attorney general, with whom on the briefs was *Bronson C. La Follette,* attorney general.

For the respondent there was a brief and oral argument by *Ray T. McCann* of Milwaukee.

HANLEY, J. The issues on this appeal are as follows: (1) Whether the order of the trial court is appealable under sec. 958.12 (1) (d), Stats.; (2) whether the evidence was sufficient to submit to the trier of fact.

### *Appealability of the Order.*

Sec. 958.12 (1) (d), Stats., allows the state to appeal from any judgment adverse to the state upon questions of law arising on the trial with the permission of the trial judge. An order dismissing the action after jeopardy has attached is a final determination of the rights of the parties within the meaning of sec. 270.53, defining "judgment" and is appealable if it presents a question of law. *See Last v. Puehler* (1963), 19 Wis. 2d 291, 120 N. W. 2d 120, in which the court held that an order sustaining a demurrer and dismissing the complaint amounts to a final determination of the rights of the parties to the action and is appealable as a judgment.

The question then is whether the trial court's determination was a legal one involving a question of law rather than one of fact. It is respondent's position that the appeal must be dismissed on the authority of *State v. Gecht* (1962), 17 Wis. 2d 455, 117 N. W. 2d 340, because the trial court ruled on his motion to dismiss as both the trier of fact and trial judge. In *Gecht* the court stated as follows at page 462:

"Where the trial court makes an ultimate determination of not guilty and where, as here, there is no claim of procedural error against the state during the course of trial but where, as here, the trial court in making his ultimate determination does so principally in his capacity as the trier of fact, then any errors on questions of

law announced by the court that may have been a basis for his decision are not reviewable. In appraising the lower court's determination, any doubts as to whether the trial court is acting in the capacity of trier of fact are to be resolved in favor of the defendant. Only in this way will he be assured the protection that the constitutional guaranty against double jeopardy provides.

"In the instant case the trial court was ruling principally in his capacity as trier of fact and since for that reason his determination is not reviewable here we are not required to pass on the two additional elements that the state contends the trial court erroneously required the state to prove to win a conviction. . . ."

The court reviewed the trial court's reasons for the determination of not guilty and upon concluding that it acted principally as the trier of fact dismissed the appeal.

In the case at bar, the trial court gave several indications that its ruling was on the sufficiency of the evidence, which, under the rule of *State v. Kennedy* (1962), 15 Wis. 2d 600, 113 N. W. 2d 372, is a question of law.

"Now the test; I knew there was a recent case setting forth this test and I found it. Our court has laid down in 28 Wis. (2d) at Page 160 in Welsher v. State the test it is my duty to apply in ruling on this motion for dismissal, and at Page 166 of that decision Justice Fairchild makes this statement for the court. It is a unanimous decision with Justice Gordon taking no part as it was a decision of his as Circuit Judge that was being appealed. 'An accurate statement of the rule for testing the sufficiency of the evidence on a motion to dismiss,' in a criminal case (I interpolate the phrase 'in a criminal case' because this is a criminal case) 'as well as on appeal, is "whether the evidence adduced, believed and rationally considered by the jury, was sufficient to prove the defendant's guilt beyond a reasonable doubt." '

" . . .

"So the test now is is there evidence, credible evidence —that is believable evidence, evidence which in the light of reason and common sense is to be believed—is there evidence here upon which this court could find without

hearing any defense, could find this defendant guilty of any or either of the offenses charged."

And at the conclusion of its opinion, the following was stated:

"So I now find for the reasons stated that the evidence adduced is not sufficient to prove the defendant's guilt beyond a reasonable doubt as to any or either of the counts in the information and, therefore, the motion of the defendant for a dismissal of each and all of the counts contained in the information is granted."

The opinion also summed up the testimony of each witness and made the following conclusions:

". . . Well, now, on the basis of that man's [Mr. Schumacher's] testimony is there anything there that an honest minded trier of the fact can find beyond a reasonable doubt that Ray Fleming authorized or directed or connived or did anything in connection with or in relation with his Deputy Schumacher which ended up in the files, the conviction reports charged in this information not being sent?

". . . And for me to draw an inference that because Mr. Fleming on some unknown dates, on some unknown occasions, asked for some unnamed files from a deputy [Ruth Lemezis], to draw an inference that thereby he kept them and he took them for the purpose of withholding them from being sent to Madison doesn't make sense to me. That is not a reasonable inference. The State asks me to draw it; I cannot and will not draw it. And I do not believe that any other trier of the fact, whether it was a jury or who it was, could reach such a conclusion.

". . . But I think Mr. Bukiewicz' testimony can best be disposed of by making a finding that he was completely an unreliable witness and I place no credence whatsoever in his testimony. I do not believe it and in considering it, I hope rationally, I find that it has no probative effect whatsoever."

Summing up the testimony of the witnesses Schumacher, Lemezis, Bukiewicz, and Zalewski, the court stated as follows:

"Now, on that I am asked to draw an inference beyond a reasonable doubt that Ray Fleming asked for those reports for the purpose of withholding them from being forwarded to the Motor Vehicle Department, that they were not so forwarded, and that they were some of the seven reports listed in counts 3 through 9 of the information. I could not even make a finding of that kind in a civil case; I do not think that evidence would sustain a finding in a civil case where the quantum of proof is only to a reasonable certainty by the greater weight of the credible evidence. Clearly it would not sustain, in my judgment, a finding of guilt beyond a reasonable doubt."

John W. Thompson, director of the driver control division of the motor vehicle department, testified to the identity of the seven conviction reports on which the seven counts against the defendant are based. Each report on its face shows that it reached the department several months after the conviction occurred. On redirect examination, a document signed by Thompson was admitted into evidence which recited that the conviction reports of 47 named persons were received late from the defendant. The accuracy of the document was undermined to the extent that counsel for the state withdrew it. The court summed up his testimony as follows:

". . . And I took a recess so that those 31 original conviction reports could be assembled in proper chronological order and marked for identification. And during that recess Mr. Dalton came into chambers and advised me that more mistakes had been found in Exhibit 31 and that he was going to withdraw Exhibit 31 and withdraw the witness. And we came back at that time and, as the record will show, the witness was withdrawn, Exhibit 31 was withdrawn, and where did that leave us? It left us with a record which in my view does not even establish to any degree of reasonable certainty that Mr. Fleming failed to file the reports shown in the information.

"Now, I know that Exhibits 19-A through 25-A purport to show that those seven reports were all filed late, anywhere from a couple of months to three or four months late. What credence could I put on that? How do

I know that the same mistakes were not made there as were made in all these others?"

From the above quotations and from the fact that the trial was not completed as was the case in *State v. Gecht, supra,* we conclude that the trial court determined the evidence insufficient as a matter of law to support findings of guilty, a determination which is appealable under sec. 958.12 (1) (d), Stats.

### Sufficiency of the Evidence.

The state has attempted to prove that reports of seven convictions for moving traffic violations were not forwarded to the motor vehicle department within forty-eight hours of the conviction as required by the statute. None of the witnesses except John W. Thompson gave testimony relevant to the commission of the offenses charged. No witness was able to testify that he had personal knowledge that the defendant withheld certain completed conviction reports. Schumacher, Bukiewicz, Zalewski, and Lemezis all testified that the defendant asked them for certain conviction reports, which they gave him; but none were able to testify that any were withheld, much less to testify that any of the seven upon which the information is based were withheld from the motor vehicle department longer than forty-eight hours. Bukiewicz did testify that at one point the defendant came to him and stated that a relative or acquaintance of his had her driver's license in jeopardy and that the report was not to go to Madison. Bukiewicz then typed up the report and gave it to the defendant. On cross-examination, however, Bukiewicz testified that this incident occurred during the period when the motor vehicle department was following the practice of picking up the conviction reports from Milwaukee on a weekly basis and

that he last saw the report on the defendant's desk. He denied having any knowledge that it was withheld from the department.

Mr. Thompson testified that the seven reports in question show on their face that they were not forwarded within forty-eight hours of the conviction. He also testified that his office, under his direction, prepared Exhibit 31, which purported to show that reports other than those in question were sent to the department late. The trial court originally admitted Exhibit 31 as proof of other crimes. However, the testimony subsequently showed numerous errors on the reports listed in Exhibit 31, whereupon the state withdrew the exhibit and the witness Thompson. The state had the opportunity to produce the originals of the 47 reports referred to in Exhibit 31. It did not do so but chose to move on to other elements of its case. We believe the credibility of the department's records was sufficiently impeached to establish a reasonable doubt as a matter of law that the reports were not filed within the time required by the statute.

The state in its brief also contends that a conspiracy was shown on the record of this case. But defendant was not charged with conspiracy, and we understand that the state's reason for attempting to show conspiracy was to prove criminal intent.

We conclude that from the evidence adduced no trier of fact could find the defendant guilty beyond a reasonable doubt of the offenses charged in the information.

*By the Court.*—Order affirmed.