Patricia H. Roth, Petitioner-Respondent,†

v.

LaFarge School District Board of Canvassers,
Respondent-Respondent,

Gail J. Muller, Third Party-Petitioner-Appellant.

Court of Appeals

*No. 02–0542. Submitted on briefs August 9, 2002.—Decided
November 21, 2002.*

2002 WI App 309

(Also reported in 655 N.W.2d 471.)

---

On behalf of the third-party-petitioner-appellant, the cause was submitted on the briefs of *George C. Wilbur* of LaFarge.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Christopher J. Blythe* of *Lawton & Cates, S.C.* of Madison.

On behalf of the respondent-respondent, the cause was submitted on the brief of *David L. Jenkins* of *Jenkins and Stittleburg* of Viroqua.

Before Vergeront, P.J., Dykman and Deininger, JJ.

¶ 1. DYKMAN, J. This is an appeal from a judgment declaring that a school referendum passed by one vote. Gail Muller, a qualified voter of the district, contends that the trial court improperly disqualified a ballot which "looked erased" from the recount of votes cast. We conclude that WIS. STAT. § 7.50(2)(c) (1999–2000)[1] defines an intent to vote whenever there is a mark in the space opposite the name of a candidate. We therefore reverse with directions to declare that the referendum resulted in a tie vote.

## BACKGROUND

¶ 2. On November 7, 2000, a tie vote defeated a referendum proposing that LaFarge School District remodel its school buildings. Patricia Roth, a resident and qualified voter in the LaFarge School District, petitioned the board of canvassers for a recount pursuant to WIS. STAT. § 9.01. The recount resulted in another tie, after the board disqualified three "yes" votes and three "no" votes.

¶ 3. The parties appealed the board's determination to the Vernon County Circuit Court and then this court. We resolved the parties' claims, except for the

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

issue of whether a ballot defined as "partially erased" constituted a "no" vote. We were unable to make that determination because the ballot was not part of the record. We remanded the case to the trial court to determine the intent of the voter of the excluded "no" vote.

¶ 4. The trial court concluded that the intent of the voter was a finding of fact, and pursuant to WIS. STAT. § 9.01(8), deferred to the board's finding that the board could not determine the voter's intent.

## ANALYSIS

¶ 5. In recount proceedings, courts review the board's determination pursuant to WIS. STAT. § 9.01(8). The level of review depends upon whether the issue is one of procedure, interpretation of law, or finding of fact. *Id.* Whether an issue is one of fact or law is a question of law. *Crowley v. Knapp*, 94 Wis. 2d 421, 429–30, 288 N.W.2d 815 (1980). We review matters of law de novo. *First Nat'l Leasing Corp. v. Madison*, 81 Wis. 2d 205, 208, 260 N.W.2d 251 (1977). A court shall set aside or modify the construction of an election law if "the board of canvassers . . . has erroneously interpreted a provision of law and a correct interpretation compels a particular action." Section 9.01(8).

¶ 6. WISCONSIN STAT. § 7.50(2)(c) provides:

> If an elector marks a ballot with a cross (X), or any other marks, as | , A, V, O, /, √, +, within the square to the right of a candidate's name, or any place within the space in which the name appears, indicating an intent to vote for that candidate, it is a vote for the candidate whose name it is opposite.

This statute is ambiguous because it is capable of multiple meanings. *State ex. rel. Newspapers Inc. v. Showers,* 135 Wis. 2d 77, 87, 398 N.W.2d 154 (1987). A reasonable person could interpret § 7.50(2)(c) to require: (1) the existence of a mark, and (2) indication of an intent to vote. Alternatively, the statute could reasonably mean that any mark indicates intent to vote.

¶ 7. Courts have not resolved this ambiguity of WIS. STAT. § 7.50(2)(c). In *Schmidt v. City of West Bend Bd. of Canvassers,* 18 Wis. 2d 316, 321, 118 N.W.2d 154 (1962), the court considered whether a completely obliterated "X" should be counted as a vote for a mayoral candidate. The ballot at issue was a vote cast for Schmidt that had a cross mark with "a heavy penciling which obliterated the entire square." *Id.* The supreme court determined the elector had cancelled the vote by making it "barely visible in the square by reason of the heavy shading which fills the square." *Id.* Because the elector marked "X" in the squares for three other offices appearing on the same ballot, the court determined that the "voter attempted to obliterate and cancel out his vote for mayor." *Id.*[2] However, the mark on the ballot that Roth challenges is not obliterated.

¶ 8. To resolve the ambiguity of WIS. STAT. § 7.50(2)(c), we employ rules of statutory construction to determine the legislative intent behind the statute. *See State v. Newman,* 157 Wis. 2d 438, 442, 459 N.W.2d

---

[2] Unlike present election laws, WIS. STAT. § 6.42 (1961–62), which governed *Schmidt v. City of West Bend Bd. of Canvassers,* 18 Wis. 2d 316, 118 N.W.2d 154 (1962), did not establish a scope of judicial review for recount proceedings. WISCONSIN STAT. § 9.01(8) governs judicial review of recount proceedings. Now, courts separately review issues of procedure, interpretations of law and findings of fact. *Id.*

882 (Ct. App. 1990). Construing a section with other sections of a statute helps to ascertain legislative intent. *Id.* Applying the *in pari materia* rule, we see that the legislature prefers validating ballots. Section 7.50(2)(cm) specifically discerns an intent to vote even if there is an apparent erasure of the mark. Under that section, an apparent erasure will only invalidate the partially erased mark if the elector makes an additional mark next to the name of another candidate.[3] *Id.* This exemplifies the legislature's preference for discerning an intent to vote and saving a ballot from invalidity. The principle is consistent with the statutory mandate to construe election laws to give effect to the voter's intent. WIS. STAT. § 5.01(1).

¶ 9. We also apply the *ejusdem generis* rule to clarify the legislative intent of what kind of marks indicate intent to vote. The legislature has defined mark: "a cross (X), or any other marks, as $|$, A, V, O, /, √, +." WIS. STAT. § 7.50(2)(c). This definition added the general term "any other marks" within a specific list of symbols. The *ejusdem generis* rule reconciles the tension between the general and specific criteria by narrowing the general term to items of the same type or nature as those specifically enumerated. *See State v. Bronston*, 7 Wis. 2d 627, 633, 97 N.W.2d 504 (1959), *overruled on other grounds, State ex rel. Goodchild v. Burke*, 27 Wis. 2d 244, 133 N.W.2d 753 (1965). The list of symbols is not exhaustive, but additional elements must be of the same type as those listed. Accordingly,

---

[3] WISCONSIN STAT. § 7.50(2)(cm) reads:

Any apparent erasure of a mark next to the name of a candidate may not be counted as a vote for that candidate if the elector makes another mark next to the name of one or more different candidates for the same office and counting of the mark would result in an excess number of votes cast for the office.

we interpret legislative intent to mean that any mark of the same kind as those enumerated in WIS. STAT. § 7.50(2)(c) indicates "an intent to vote for that candidate."

¶ 10. The supreme court's holding in *Schmidt* is consistent with these policies and assists our determination that a mark must be of the same type as those listed in WIS. STAT. § 7.50(2)(c). The "heavy penciling which obliterated the entire square" in *Schmidt* is unlike the type of marks identified in the statute. *Schmidt*, 118 Wis. 2d at 321.

■

¶ 11. A mark which might be a partially erased vote is still a mark, especially if no other vote is cast on the ballot, which is the case here. The mark on the ballot is at least a diagonal line across the square. At most, the mark is a cross ("X") with one diagonal lighter than the other. Nevertheless, the single diagonal line or even the partially lighter "X" is of the same kind as the symbols enumerated in WIS. STAT. § 7.50(2)(c). There are no other marks on the ballot. It is not an obliteration of a mark, as in *Schmidt*. All marks within the square to the right of a candidate's name indicate intent to vote for that candidate. Section 7.50(2)(c). The mark therefore indicates an intent to vote "no."

¶ 12. We conclude that the board of canvassers and the trial court erroneously interpreted WIS. STAT. § 7.50(2)(c) by not concluding that the mark on the disputed ballot indicated an intent to vote "no." Accordingly, we reverse the trial court's judgment and order with directions to declare that the LaFarge School District referendum resulted in a tie vote.

*By the Court.*—Judgment reversed and cause remanded with directions.